**TUCKER** et al.  v.  **McCRORY** et al.
No. 35799.

Supreme Court of Oklahoma.
Jan. 27, 1954.

George & George, Ardmore, for plaintiffs in error.

Ezra Dyer, Ardmore, for defendants in error.

BLACKBIRD, Justice.

Defendants in error, Josie Margaret McCrory and Montie Ray McCrory, commenced this action as plaintiffs against the other defendants in error and plaintiffs in error to quiet their title to an undivided 3/4ths interest in the mineral rights lying in and under a certain 10-acre tract of land situate in Carter County, Oklahoma. In their answer and cross petition plaintiffs in error, hereinafter referred to as defendants, attacked said plaintiffs' title as being deraigned through a County Treasurer's tax resale deed, issued in 1939, pursuant to a void tax resale, and asked that said deed be cancelled. They also tendered all taxes theretofore levied and assessed against their interests in the property, together with penalties, interest and costs, and asked that they be adjudged the owners of the mineral rights claimed by plaintiffs. These principal contestants over the title to these mineral rights will hereinafter be referred to as plaintiffs and defendants as they appeared in the trial court.

In plaintiffs' reply they admitted that their title was deraigned through the resale deed described in defendants' pleading, but alleged that the relief sought by them was barred by the statute of limitations in such cases made and provided.

After the court's trial of the cause, without a jury, where the only evidence introduced was the parties' stipulation of facts and the testimony of one witness, Mrs. Winnie Ruth Cunningham, the court rendered judgment for the plaintiffs.

Defendants have lodged this appeal, alleging error in the trial court's application to this case of the limitations provided in Title 12 O.S.1951 § 93, for actions for the recovery of real property

sold for taxes. The portions of said section alluded to are as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter;

\* \* \* \* \* \*

"(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed.

\* \* \* \* \* \*

"(6) Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of whether the deed or judgment or the precedent action or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise; provided that this paragraph shall not be applied so as to bar causes of action which have heretofore accrued, until the expiration of one (1) year from and after its effective date."

As amended Laws 1945, p. 37, § 1; Laws 1949, p. 95, § 1.

Defendants argue that sub-section (6), above quoted, violates Article IV, Sec. 1 of the Oklahoma Constitution as a legislative usurpation of judicial power in providing that the bar of the statute is to apply when the deed is void or voidable "for any reason, jurisdictional or otherwise" because the law previous to the passage of said amendment, as reflected in the decisions of this Court, did not permit application of such a bar to tax deeds that were void for jurisdictional reasons, such as the one here in question. We agree with plaintiffs that this matter has been settled, since the filing of defendants' brief-in-chief, by the opinions of this court in the cases of Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, and Woods v. Phillips Pet. Co., 207 Okl. 490, 251 P.2d 505. In the latter case this court cited Wolfe v. Phillips, 10 Cir., 172 F.2d 481, 485, showing that "a state may constitutionally shorten the periods of limitation fixed by previously ex-

isting statutes and make the amended statute applicable to existing causes of action, provided it affords a reasonable time within which suits for such * * * causes may be commenced." By our decision in that case we, in effect, held that the one year provided by the above quoted sub-section for the bringing of actions then barred was a "reasonable time" within said rule.

Defendants next contend that the five-year limitation period prescribed in the above statute never runs in favor of a void tax deed in the absence of actual possession for that full period and they argue that the evidence in this case fails to show such a period of possession by the plaintiffs. According to the stipulation of facts, plaintiffs entered the chain of title to this property by quitclaim deed, dated February 14, 1940, from a Mr. McKinney who purchased it from the County, after the latter's purchase at the allegedly invalid tax resale. The County Treasurer's resale deed to the County Commissioners' Board Chairman was filed of record June 3, 1939. Plaintiffs thereafter conveyed the surface rights to Z. B. Love, in February, 1942, and Love and his wife then conveyed to Joe Cunningham, Winnie Ruth's husband, on August 2, 1943. Thereafter, on June 12, 1947, the Cunninghams were divorced and by their divorce decree Joe Cunningham's title passed to Winnie Ruth. According to Mrs. Cunningham's testimony, Mr. Love had been in possession of the property and residing in the three-room house, situated thereon, about one year when her husband acquired it and he and she moved onto it. Mrs. Cunningham further testified that after she and her husband moved there they fenced the property and continued to reside there and use the property as a home until their separation in 1947, after which she continued to live there another year ending in 1948. At this time Mrs. Cunningham discontinued her residence on the property and it was unoccupied until about February 10, 1952, or a little more than two months before the trial, when she rented it to a family who was occupying it at the time of the trial. Defendants' counsel says this evidence fails to show possession by

plaintiffs and their successors in title for a continuous period of five years after the recording of the allegedly invalid tax deed. We do not agree. Though the evidence reveals that no particular one of plaintiffs' successors in title resided on the property for a full 5-year period, it was established, without contradiction, that Mrs. Cunningham was in possession of the property, singly and with her husband, a period of more than 5 years and that Mrs. Cunningham's possession was open and notorious. We think the fallacy in counsel's argument stems from confusion of the terms "possession" and "residency." Actually residing on property is not a necessary element of the adverse possession required under the above quoted 5-year limitation statute. All of the authorities show that a person may be in possession of real estate without residing on it. Open, notorious and uninterrupted control and dominion over the property under claim of right is all that is required. Anderson v. Francis, 177 Okl. 47, 57 P.2d 619; Hass v. Gregg, 52 Okl. 51, 152 P. 1126; Gross v. Robinson, 36 Wyo. 392, 256 P. 80, 57 A.L.R. 578; 42 Am.Jur. Possession, Sec. 42; 73 C.J.S., Property, § 14b. The termination of Mrs. Cunningham's residency on the premises was not an "interruption" of her "possession" within such meaning of said term. Since she moved off of the property she has continued her previous dominion and control over it, and has held it or "occupied" it, and continues to do so, through her tenant, just as adversely to the rest of the world and quite as effectively for prescriptive purposes as if she had continued to reside there herself. By his judgment the trial court, in effect found that plaintiffs' right to have their title quieted in the property herein involved, despite the invalidity of the tax sale proceedings through which said title was deraigned, accrued over a period of more than five years previous to the amendment contained in 12 O.S.1951 § 93(6), supra. This being true, defendants, under said sub-section had one year after the effective date of said amendment within which to attack plaintiffs' title. When this action was commenced in 1951, that year had expired. Therefore, in view of the

above authorities, said court's upholding of plaintiffs' title against defendants was neither contrary to law nor clearly against the weight of the evidence. Said Court's judgment is therefore affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL and WILLIAMS, JJ., concur.