James A. HOWARD, Petitioner,

v.

T.G. & Y. STORES, INC., and
Northwestern Insurance Co.,
Respondents.

No. 64612.

Supreme Court of ·Oklahoma.

July 22, 1986.

As Corrected on Denial of Rehearing
Sept. 30, 1986.

Albert M. Morrison, Richard A. Bell,
Oklahoma City, for petitioner.

Vicki Robertson, Holloway, Dobson,
Hudson & Bachman, Oklahoma City, for
respondents.

DOOLIN, Vice Chief Justice.

■ Petitioner, who for 24 years had
been employed by respondent T.G. & Y as
a truck driver, filed a claim for workers'
compensation benefits based on cumulative
trauma, due to a blockage of blood flow in
the abdominal aorta. Petitioner claims his
injury was work-related. On September
13, 1984, petitioner moved that the matter
be set for hearing, and a hearing was even-
tually held on February 19, 1985. In antici-
pation of that hearing, on February 14,
respondent filed its Form No. 10, Pretrial
stipulation offered by Respondent. At-
tached to this form was the medical report
of respondent's doctor. At the hearing,
held five days later, petitioner objected to
the admission of respondent's medical re-
port, saying it was untimely filed according
to Rule 19 of the Rules of The Workers'
Compensation Court. (85 O.S.1981, Ch. 4,

App.Rule 19). The trial court overruled petitioner's objection, considered the report and found from the evidence that petitioner had not suffered a compensable injury,[1] prompting this review.

Petitioner contends the medical statement filed by Respondents was not timely filed and should not have been admitted in evidence. Petitioner properly preserved the error in compliance with 12 O.S.1981, § 2104. Respondents contend that the judge excused the untimely filing pursuant to 85 O.S.1981 Ch. 4, App.Rule 19.

■ The dispositive issue on appeal is whether respondent's medical report was properly admitted into evidence.

Rule 19 says, in pertinent part:

"... The pretrial stipulation forms should be so processed at the earliest possible date but shall be due no later than the thirtieth day after the Motion to Set for Hearing has been received by the court. If no pretrial stipulation has been received by the court on or before the thirtieth day, then the docket clerk of the court shall set the matter for hearing giving the parties at least ten (10) days' notice. Thereafter, the court *shall not allow* the failing party to call any witness nor to introduce into evidence any written narrative medical report, unless the Presiding Judge or Trial Judge to whom the matter is assigned *excuses in writing* the failure of the party to file the pretrial stipulation ... Any Form 9, 10, 11, or 12 may be *amended* without the necessity of obtaining leave of the court, provided that *the amendment is filed no later than five days* (5) days prior to the hearing.... When the purpose of the hearing is for the determination of an issue that must be supported by expert medical testimony then the party filing the appropriate form shall attach to it copies of all written narrative medical reports that he intends to introduce at the hearing.... If there are no medical reports so attached, then the par-

ty filing the form shall be allowed to offer his expert medical witnesses only by presenting the expert at the hearing or by offering a deposition of the expert, which has afforded each party to the matter an opportunity to exercise his right of cross-examination." [emphasis ours].

In the instant case, the trial court did not excuse in writing the tardy filing of respondent's medical report, and thus committed error in admitting the evidence contained therein. The next point of inquiry is, therefore, whether that error was sufficiently prejudicial to warrant reversal.

■ It has previously been held that the erroneous admission of an ex parte, written report by the employee's doctor does not necessarily constitute reversible error, provided the information in that report is merely cumulative with a previously filed report or if admission of the report is harmles in effect when viewed in the context of the entire proceedings. (*Howland v. Douglas Aircraft Co.*, 438 P.2d 5, (Okl. 1968)). Neither of these excuses is applicable in the instant case: No previous medical report had been filed by respondent and, therefore, the *only* medical evidence supporting the court's denial of compensation was that contained in the erroneously admitted report. This is hardly a harmless effect.

Absent an agreement or waiver, evidence in a workers' compensation case must be taken according to the rules. The purpose and intent of Rule 19 is to permit each party adequate time to examine the other's evidence and to afford each the fundamental right to cross examine the other's medical experts. In the fair and orderly administration of Oklahoma's workers' compensation system there is no place for surprise or trickery in the presentation of vital medical evidence. It is basic that essential fairness in any litigation process cannot be arrived at without compliance with the

---

1. An injury resulting from cumulative trauma is compensable. *ITT Baking Co. v. Ware*, 620 P.2d 1308, 1310 (Okl.1981).

rules of orderly procedure. (*Pryse Monument Co. v. District Court of Kay County,* 595 P.2d 435 (Okl.1979)).

Upon claimant's mid-hearing objection to the admission of respondent's untimely medical report, the trial judge, consistent with the terms prescribed by Rule 19, could either exclude the disputed item of expert evidence tendered too late or excuse in writing its tardy filing *after* an adversary hearing of the issue. Because she declined to follow either of the two permissible courses of action, we hold that the trial judge committed prejudicial error in admitting an untimely medical report which constituted the only evidence supportive of the court's order denying compensation to the claimant.

The order denying claimant an award is VACATED and the claim REMANDED for further proceedings not inconsistent with the views expressed in this opinion.

OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., and HODGES, LAVENDER and HARGRAVE, JJ., dissent.