In re Norma R. HOLT.

Nanette Holt PRICE, as Conservator for Norma R. Holt, and Norma R. Holt, Debtor–In–Possession, Plaintiffs,

v.

STATE of Oklahoma, ex rel., OKLAHOMA TAX COMMISSION, Defendant.

No. 87365.

Supreme Court of Oklahoma.

Feb. 18, 1997.

John B. Turner, Diana H. Clark, Stuart, Biolchini, Turner & Givray, Tulsa, Paul J. Cleary, Boone, Smith, Davis, Hurst & Dickman, Tulsa, for Plaintiffs.

Linda Ruschenberg, Robert Struble, Oklahoma Tax Commission, Oklahoma City, for Defendant.

HARGRAVE, Justice:

This question has been posed to this court under stipulated facts and on the position briefs filed in the Bankruptcy Court. Neither party has sought further briefing, nor did this court determine that further briefs were needed.

The Question certified to this Court is as follows:

"Does 68 O.S. Supp.1994 § 2375(H)(5) operate to bar a refund of state income taxes in a situation where the final determination of the Internal Revenue Service was made subsequent to September 1, 1993 for tax years ending prior to June 30, 1988, the taxpayer filed amended returns within one year of the determination, no extension had been executed by the taxpayer, and the tax years were not the subject of a

closing, settlement or resolution agreement."

We answer the question in the negative.

The parties have stipulated to the following facts:

1. Plaintiff, Nanette Holt Price, is the Conservator for Norma R. Holt, and Norma R. Holt is the Debtor-in Possession in a bankruptcy case filed in the Bankruptcy Court for the Northern District of Oklahoma. Defendant, State of Oklahoma, ex rel. Oklahoma Tax Commission, is a state agency.

2. Norma R. Holt lost $2 million through the larceny of Frank B. Carson, Jr.

3. In November, 1988, Norma R. Holt sought protection under Chapter 11 of the Bankruptcy Code. Norma R. Holt ultimately sought to deduct her theft loss on her 1987 income taxes, but the Internal Revenue Service denied the deduction in toto and claimed back taxes.

4. On December 13, 1991, Norma R. Holt sued the IRS in an adversary proceeding in the Bankruptcy Court, asking the Court to disallow the IRS's claim for back taxes and order a refund based upon Norma R. Holt's theft loss. The case was tried to the Bankruptcy Court on November 16—20, 1992. Judgment was entered in favor of Norma R. Holt on January 26, 1993. The Bankruptcy Court found that Norma R. Holt had suffered a deductible theft-loss in 1987 and ordered the IRS to issue refunds totaling $192,800, plus interest, for the years 1984 through 1987.

5. The IRS appealed to the U.S. District Court for the Northern District of Oklahoma. On March 9, 1994, the district court, Judge James O. Ellison, affirmed the tax judgment rendered by the Bankruptcy Court, and ruled in taxpayer's favor on all issues. On May 6, 1994, the IRS filed a Notice of Appeal of the Tax Judgment to the Tenth Circuit Court of Appeals.

6. The tax judgment in Norma R. Holt's favor became final on October 12, 1994, when the IRS voluntarily dismissed its appeal, with prejudice.

7. On December 8, 1994, the IRS paid a total refund of $317,235.76, broken down as:

$126,644.67 (1984); $123,281.67 (1985); $4,206.59 (1986); and $63,102.83 (1987).

8. On or about October 24, 1994, Norma R. Holt filed Forms 5111 X, Amended Oklahoma Individual Income Tax Returns for 1984 through 1987, with the Oklahoma Tax Commission, claiming a refund of $88,624.00. By letter dated June 21, 1995, the Tax Commission denied the claims for refund for 1984 through 1987.

9. There has been no determination of Oklahoma taxes, fines, penalties, interest or refunds for 1984 through 1987 adjudicated by a judicial or administrative tribunal of competent jurisdiction.

10. The determination of Norma R. Holt's federal tax liability for the years 1984 through 1987 become final on October 12, 1994, when the IRS dismissed its appeal to the Tenth Circuit Court of Appeals upon stipulation of the parties, and the tax judgment in Holt's favor became final.

11. The tax years at issue, 1984 through 1987, have never been the subject of a closing, settlement or resolution agreement entered into by Norma R. Holt and the Oklahoma Tax Commission. Additionally, no extension of the statute of limitations ever has been executed by Norma R. Holt for the tax years at issue.

12. The plaintiff, Nanette Holt Price, contends that Norma R. Holt is entitled to a refund pursuant to 68 O.S. Supp.1994 § 2375(H)(2). Defendant, Oklahoma Tax Commission, contends the claimed refund is barred by 68 O.S. Supp.1994 § 2375(H)(5).

The answer to the question posed depends upon interpretation of Title 68 O.S. Supp. 1996 § 2375(H). The Oklahoma Tax Commission asserts that Taxpayer has failed to timely file a request for refund pursuant to 68 O.S. Supp.1994 § 2375(H)(5). Taxpayer claims that § 2375(H)(2) applies and that she had one year from the date of final determination of her federal tax in which to file for a refund with the Oklahoma Tax Commission. Section 2375(H) was extensively amended in 1993, and paragraphs (4) and (5) were added then.

Prior to the 1993 amendment, it was clear that where the taxpayer's net income for any year was changed or corrected, the limitations period was extended until the final determination by the IRS of a taxpayer's federal tax liability under the Internal Revenue Code for said year. Title 68 O.S.1991 § 2375(H)(2).[1]

Subsection (H) was amended by Laws 1993, Ch. 273 § 7, effective May 27, 1993. The previous paragraphs (1) through (3) were stricken, and replaced with the following, and paragraphs (4) and (5) were added, as set out below:

"H. 1. The period of time prescribed in Section 223 of this title, in which the procedures for the assessment of income tax may be commenced by the Oklahoma Tax Commission, shall be tolled and extended until the amount of taxable income for any year of a taxpayer under the Internal Revenue Code has been finally determined under applicable federal law and for the additional period of time hereinafter provided in this subsection."

2. If, in such final determination, the amount of taxable income for any year of a taxpayer under the Internal Revenue Code is changed or corrected from the amounts included in the federal return of the taxpayer for such year and such change or correction affects the Oklahoma taxable income of the taxpayer for such year, the taxpayer, within one (1) year after such final determination of the corrected taxable income, shall file an amended return under this article reporting the corrected Oklahoma taxable income, or notify the Tax Commission by letter that the information is available, and the Tax Commission shall make assessment or refund within two (2) years from the date the return or notice required by this paragraph is filed and not thereafter, unless a waiver is agreed to and signed by the Tax Commission and the taxpayer.

3. In the event of failure by a taxpayer to comply with the provisions of paragraph 2 of this subsection, the statute of limitations shall be tolled for a period of time equal to the time between the date the amended return or notice under this subsection is required until such return or notice is actually furnished.

4. In administering the provisions of this subsection, the Tax Commission shall have the authority to audit each and every item of income, deduction, credit or any other matter related to the return where such items or matters relate to allocation or apportionment between the State of Oklahoma and some other state or the federal government even if such items or matters were not affected by revisions made in such final determination. When such items or matters do not relate to allocation or apportionment between the State of Oklahoma and some other state or

---

1. 2375. "Payment of tax—Delinquency—Penalty."

H.2. If the amount of the net income for any year of the taxpayer under this law, and as returned to the United States Treasury department, is changed or corrected by the Internal Revenue Service, such taxpayer, within one (1) year after final determination of the corrected net income, shall file an amended return reporting the corrected net income, or notify the Tax Commission by letter that the information is available, and the Tax Commission shall make assessment or refund within two (2) years from the date the return or notice required by this paragraph is filed and not thereafter, unless a waiver is agreed to and signed by the Tax Commission and the taxpayer.

Laws 1992, ch. 172, § 2 added the following underlined language to (H)(2):

"*Assessment of income tax or refund of income tax may be made after the expiration of the period prescribed by subsection (a) of Section* 223 *of this title* if the amount of the net income for any year of the taxpayer under this law, and as returned to the United States Treasury Department, is changed or corrected by the Internal Revenue Service. *Assessment or refund shall be made only after the amount of such net income has been finally ascertained.* In such *instance, the* taxpayer, within one (1) year after final determination of the corrected net income, or notify the Tax Commission by letter that the information is available, and the Tax Commission shall make assessment or refund within two (2) years from the date the return or notice required by this section is filed and not thereafter, unless a waiver is agreed to and signed by the Tax Commission and the taxpayer."

The 1992 amendment also added new subsection (I), providing audit authority for the Oklahoma Tax Commission, which was later changed to become (H)(4) of Section 2375 by the 1993 amendments.

the federal government, the Tax Commission shall be bound by the revisions made in such final determination.

5. The provisions of this subsection shall be effective on September 1, 1993, and except in the case of tax years which are the subject of closing, settlement or resolution agreements entered into by taxpayers and the Tax Commission, keep open all tax years beginning after June 30, 1988, and all tax years beginning on or before June 30, 1988, for which extensions of the statute of limitations have been executed by the taxpayer, but only to the extent such extensions remain open on the date of enactment hereof.

As noted, the date of enactment is May 27, 1993. Subsection (H)(5) states that the provisions of the subsection shall be effective on September 1, 1993.

The controversy in the case at bar becomes immediately apparent upon reading the amended statute. While the taxpayer was involved in litigation with the Internal Revenue Service, and prior to final determination of her federal tax liability for the tax years 1984 to 1987, the above statute was enacted. The statute contains ambiguous provisions for the appropriate statute of limitations to be applied in such circumstances. The statute provides, in (H)(2), that as long as the federal tax for any year has not been finally determined, the taxpayer has one year after such final determination in which to file an amended return, and the Oklahoma Tax Commission has two years in which to assess additional taxes or to refund taxes paid. This is in accord with prior law. Subsection (H)(5), however, attempts to exclude all tax years before June 30, 1988 unless extensions of the statute of limitations have been executed by the taxpayer and only if such extensions remain open on the date of enactment of the statute.

But, prior to the 1993 amendment, there was no requirement that an extension to the statute of limitations be executed where the federal income tax was not finally determined. Immediately upon enactment of subsection (H)(5), all pre-June 30, 1988 tax years were closed to any taxpayer that did not have viable extensions of the statutes of limitation for those years.

Taxpayer argues that applying § 2375(H)(5) to her case results in the retrospective application of a statute that destroys her vested right to a refund, without a grace period. The taxpayer states that she has no alternative remedy. She argues that a newly-enacted limitation cannot divest her of the right to a refund to which she was lawfully entitled. Taxpayer points out that, prior to enactment of (H)(5) in 1993, she had a vested, longstanding statutory right, under (H)(2) to claim a refund of tax overpayment, provided only that she file an amended Oklahoma tax return within one year of the final IRS determination. The taxpayer filed for a refund with the Oklahoma Tax Commission within one year of final determination of her federal tax obligations. Then, on the enactment date of the amendment, May 27, 1993, she was immediately deprived of that right, without any period in which to cure. We agree.

The statute in question, § 2375(H)(5), was enacted prior to final determination of taxpayer's 1984, 1985, 1986 and 1987 tax years under the Internal Revenue Code. The taxpayer could not file an amended return with the Oklahoma Tax Commission until the federal tax had been finally determined. In this taxpayer's case, which involved protracted litigation, there was no way to comply with the new Subsection (H)(5) limitation period. Although (H)(5) provides that the subsection does not take effect until September 1, 1993, it also provides that no tax year prior to June 30, 1988 shall be held open unless extensions of the statute of limitations have been executed and remain open on May 27, 1993, *the date of enactment.* Thus, the section chooses a cut-off date for eligibility that is more than three months prior to the effective date of the section. The action necessary to comply with the amendment—execution of an extension of the statute of limitations—was not required prior to the amendment.

 We do not believe that the legislature intended to create a requirement that could not be complied with. Any doubt as to the possible meaning of a statute must be resolved in favor of the taxpayer. *Strelecki*

v. *Oklahoma Tax Commission*, 872 P.2d 910, 920 (Okla.1993). Where one section of a statute is ambiguous or is susceptible of more than one interpretation, the entire statute must be read as a whole, and the meaning given to one section should be determined by considering the other sections. *See, City of Duncan ex rel. Bd. of Trustees of Police Pension and Retirement System v. Barnes*, 293 P.2d 590 (Okla.1956). Where a statute has been repealed, a taxpayer is not prohibited from proceeding under it where the rights accruing thereunder became fixed prior to its repeal. *Shires v. Reynolds*, 203 Okla. 573, 224 P.2d 580, 582 (1950). *Accord, Barry v. Board of County Commissioners of Tulsa County*, 173 Okla. 645, 49 P.2d 548 (1935).

In *Forest Oil Corp. v. Corporation Commission*, 807 P.2d 774, 781 (Okla.1990), we stated that:

> "The general rule is that statutes are intended to operate prospectively unless the Legislature clearly expresses a contrary intent. If doubt exists, it must be resolved against a retroactive effect. However, remedial or procedural statutes which do not create, enlarge, diminish or destroy vested rights may operate retrospectively, and apply to pending actions or proceedings. A purely procedural change is one that affects the remedy only, and not the right. Application of § 87.2 to the instant cause would alter more than the potential remedy; it would preclude ONG from participating in the action. *Statutes which act as a complete bar to assertion of an interest affect rights rather than just remedies.*" (emphasis added).

Interpreting the statute as urged by the Oklahoma Tax Commission in this case would result in our condoning a procedure that would operate to immediately bar a taxpayer, whose federal tax obligations had not been finalized, from seeking a refund when those obligations became final. No period for compliance is provided for taxpayers with federal tax returns that were still in process at the time subsection (H)(5) was enacted.

In *Tucker v. McCrory*, 266 P.2d 433, 434–35 (Okla.1954), we noted:

> "... [A] state may constitutionally shorten the periods of limitation fixed by previously existing statutes and make the amended statute applicable to existing causes of action, *provided it affords a reasonable time within which suits for such ... causes may be commenced.*" (emphasis added).

*McCrory* involved an amendment to 12 O.S. § 93 for actions for recovery of real property sold for taxes under a void tax sale. The amended section provided that the statute of limitations for an action for recovery of real property sold for taxes was five years from the date of the recording of the tax deed, regardless of whether the deed or judgment or proceeding is void or voidable. The amendment went on to provide that it would not apply to bar causes of action that had accrued, until the expiration of one year from its effective date. The law previous to the amendment did not permit application of such a bar to tax deeds that were void for jurisdictional reasons. We found that the one year period included in the act for the bringing of actions then barred was a reasonable time under the rule.

■ In the case at bar there is no reasonable time, or any time at all, within which to comply with § 2375(H)(5). As taxpayer in the case at bar points out, the Commission's interpretation leaves taxpayers unable to claim an Oklahoma tax refund if they lacked a final determination from the IRS on a pre-June, 1988, refund matter when the new (H)(5) subsection was enacted on May 27, 1993. The new law keeps open pre-June 30, 1988 tax years only where an extension of the statute of limitations has been sought by the taxpayer, even though no such extension was required prior to amendment of the statute. One day the taxpayer had a right to refund, the day after enactment of the statute she did not.

■ The primary consideration in construing tax statutes is that the legislative intent be ascertained and given effect. *Affiliated Management Corp. v. Oklahoma Tax Commission*, 570 P.2d 335 (Okla.1977). The legislature will not be presumed to have intended an absurd result. *TXO Production Corp. v. Oklahoma Corporation Commission*, 829 P.2d 964 (Okla.1992).

██ It seems clear that the original intent of Section 2375 of Title 68 was to permit the Oklahoma Tax Commission to assess additional taxes at any time the IRS did so, regardless of the three-year statute of limitations at 68 O.S.1991 § 223. It seems clear also that the legislature intended to keep open the limitation period where the taxpayer's federal return was in dispute. Because the state tax "piggy-backs" on the federal return, any eventual change in the federal return would affect the state tax, resulting either in deficiencies or refunds. *See, Dugger v. State ex rel. Oklahoma Tax Commission*, 834 P.2d 964, 966 (Okla.1992).

We believe that the legislature intended subsection (H)(2) to apply independently of subsection (H)(5). To apply subsection (H)(5) as an additional restriction upon subsection (H)(2) would defeat legislative intent expressed in the section as a whole. The first three paragraphs of subsection (H) deal with *extensions* of the limitations period. After reading and considering the separate sections, and the statute as a whole, we conclude that subsection (H)(2) refers to claims for deficiencies by the state and claims for refunds by the taxpayer. We resolve the statutory ambiguity in favor of the taxpayer. The taxpayer's right to a refund in this case depended upon filing the amended return within one year of the IRS' final determination, which was done in this case.

██ Our interpretation is that subsection (H)(5) was intended to apply as a limitation on the previous subdivision (H)(4), which was added to section (H) by the same amendment. The extensive revision of § 2375 by the 1993 laws moved the auditing provisions of then-subsection (I) to become new paragraph (4) of subsection (H), and added the entirely new paragraph (5).[2] We believe that subsection (H)(5) was intended to apply to subsection (H)(4), thereby limiting the time period during which the Tax Commission could audit a taxpayer's return. It would make no sense to provide for extension of or tolling of the statute of limitations for as long as the federal return was undetermined, and then cut off the extension in another subsection. The prior versions of § 2375(H) contained provisions essentially the same as those found in paragraph (2). Neither paragraph (1), (2) or (3) of subsection H, dealing with extensions of time periods, refers to the additional limitations set out in paragraph (5). If the final determination of a federal return results in additional taxes owing to the State of Oklahoma, we cannot believe that the intention of (H)(5) was to bar the assessment. The statute applies equally to the taxpayer seeking a refund under similar circumstances.

Accordingly, we answer the certified question in the negative.

## CERTIFIED QUESTION ANSWERED.

All Justices concur.

---

**2.** The headnotes to Sessions Laws 1993, Ch. 273 read, in part, "[P]roving procedures if amount of taxable income under Internal Revenue Code is changed or corrected; requiring filing of amended return or notice to Tax Commission within certain time period; requiring Tax Commission to make assessment or refund with certain time period; providing procedures in event of failure of taxpayer to comply with certain provisions; *specifying authority of Tax Commission to audit certain items of return; providing effective date of certain provisions ...*" (underlining added)