1999 OK 18

Steve **MILES**, Petitioner,

v.

**FRONTIER PLASTIC FABRICATORS, Mega Life/PFL and the Workers' Compensation Court, Respondents.**

No. 90,176.

Supreme Court of Oklahoma.

March 9, 1999.

Jeff Zurawik, Tulsa, Oklahoma, for petitioner.

Meg Bomhoff, Oklahoma City, Oklahoma, for respondents.

WATT, Justice:

## FACTS AND PROCEDURAL BACKGROUND

¶ 1 This appeal arises out of an injury to claimant Steve Miles's low back in April 1996 while he was employed by respondent Frontier Plastic Fabricators. This was the second of three injuries, each of which resulted in a low back surgery to the same part of Miles's back. Dr. F, a neurosurgeon, participated in all three surgeries.

¶ 2 The first of Miles's back problems arose in 1989 when Miles suffered an on-the-job injury to his low back, which resulted in surgery to the disc at the space between his fourth and fifth lumbar vertebra. Miles was not employed by Frontier when he sustained his first injury. The medical records in the record of this appeal recite, variously, that the Workers' Compensation Court determined Miles to have sustained permanent impairment from the 1989 back injury of between seventeen and thirty-six percent.

¶ 3 While working for Frontier, Miles filed for and received workers' compensation benefits as a result of a second on-the-job injury to precisely the same intervertebral space in his low back in April 1996. Following Miles's second on-the-job injury and subsequent surgery, Dr. F released him to return to work in

August 1996. In a report dated August 20, 1996, Dr. F recited that Miles "is doing very well [and] has requested that I release him to work and I have therefore done so. He does not have any specific restrictions." Miles did, however, tell Dr. F that he did not intend to return to work for Frontier because he thought the work was too demanding.

¶ 4 On September 5, 1996, a Thursday, Dr. F once again saw Miles who told Dr. F that he got somewhat stiff after mowing his yard the previous, Labor Day, weekend and the following day experienced severe pain when he got out of bed. On September 10, Dr. F wrote a report in which he said, "This is the same disc which has been injured twice before and is simply an extension of his initial work injury." On September 22, 1996, Dr. F and Dr. H, an orthopedic surgeon, performed a third surgery on Miles's low back. Dr. H performed a fusion at the level of Miles's 4th and 5th lumbar vertebra. Dr. F's operating room notes recited "that this was a level previously operated on twice."

¶ 5 On October 21, 1996 Miles filed a form 9, Motion to Set for Trial, in which he requested additional temporary total disability benefits as a result of the re-injury to his back in September 1996. Miles filed eight additional Form 9s between November 1, 1996 and May 20, 1997.

¶ 6 On May 1, 1997 Miles's lawyer wrote a letter to the Workers' Compensation Court judge to whom the case was assigned in which he stated that he had been unable to get the case set for trial. Miles's lawyer asked the judge to set the case on his next Tulsa docket. For reasons the record does not explain, respondents were not represented at this time. The trial court set the case for trial on June 2, 1997. On May 20, 1997 respondents' current lawyers entered an appearance and, on the same day, filed a form 10, Answer and Pretrial Stipulation Offered by Respondent, to which they attached the report of Dr. P, dated May 17, 1997. Dr. P was the doctor respondents had selected to examine Miles.

¶ 7 In his report Dr. P stated that the "bending, pulling, and twisting" necessary to start the lawnmower was sufficient to cause Miles to re-injure his back. Miles was asked at the trial of his claim if he had felt pain when he started his lawnmower. Miles answered, "I felt a little bit."

¶ 8 Respondents offered Dr. P's report and Miles objected because the report "wasn't filed within the 20–day rule." Respondents then argued, and the court ruled as follows:

MS. BOMHOFF: Our office entered our appearance on May 19, 1997. We were only able to obtain medical by a phone call a few days before that when we heard about this claim, and we did not have the opportunity to obtain medical prior to that,

THE COURT: Thank you counsel. For good cause shown Claimant's timeliness objection, specifically [respondent's medical report] not filed within 20 days of the date of the hearing [June 2, 1997], will be overruled.

¶ 9 After the trial court admitted Dr. P's report, Miles did not ask for a continuance, did not ask for leave to depose Dr. P, and otherwise made no attempt to show that he had been prejudiced in any way by the court's ruling. The hearing ended a few moments later.

¶ 10 The trial court awarded Miles temporary benefits for the third injury and surgery, but a three-judge panel of the Workers' Compensation Court reversed, holding that the Labor Day weekend injury had been caused by Miles starting his lawnmower, not by his April 1996 on-the-job injury. Miles appealed and the Court of Civil Appeals affirmed the three-judge panel's order denying benefits.

## DISCUSSION

¶ 11 To fully understand the manner in which Rule 19 Rules of the Workers' Compensation Court is designed to work it will be necessary to examine four subsections of the Rule, A, D, E, and F. At the time of the hearing of this matter subsections A, D, E, and F, Rule 19 Rules of the Workers' Compensation Court stated in material part:

A. Any party may request a trial on any issue by filing a Motion to Set for Trial (Form 9)....

. . .

D. In all cases, the respondent shall file a Form 10 [Answer and Pretrial Stipulation Offered by Respondent] or Form 10M no later than thirty (30) days after the Motion to Set for Trial was filed. The Form 10 or Form 10M may be amended at any time, not later than twenty (20) days prior to the date of trial.

E. No later than twenty (20) days prior to the date of trial, all parties shall exchange medical reports, all documentary evidence, exhibits and a complete list of witnesses with all opposing parties.

F. Both the Motion to Set for Trial and the Pretrial Stipulations shall list the names of all witnesses, including any expert witnesses, which the party intends to call at the time of trial. Any witness not listed on the appropriate form shall not be allowed to testify. Failure to comply with this Subsection shall result in the exclusion of the evidence submitted at the time of trial, unless excused by the Court for good cause shown.

 ¶ 12 Miles argues that the trial court lacked discretion to waive the twenty day rule because Rule 19.E contained no waiver provision. We disagree. Rule 19.F provides that Rule 19's provisions concerning the exclusion of the testimony of expert witnesses may be "excused by the Court for good cause shown." The discretion granted to the trial court by Subsection F of Rule 19 to waive time requirements "for good cause" applies to subsections A and D, too, as it refers to "Both the Motion to set for Trial [Form 9, referred to in. A] and the Pretrial Stipulations [Form 10, referred to in D]."

 ¶ 13 Miles does not suggest why we should interpret subsection E in the rigid way he urges and we see no reason to do so. We are buttressed in our conclusion that the Workers' Compensation Court had discretion

to waive the terms of subsection E by the 1997 clarifying amendments to that subsection. The amendments expressly gave the Workers' Compensation Court the right to excuse the requirements of subsection E "for good cause shown" and, in subsection F, changed the word "subsection" to "Rule." [1] Subsection E was ambiguous before it was amended in 1997 because it did not say, one way or the other, whether the Workers' Compensation Court was authorized to waive its terms, although subsection F expressly gave the court the right to do so. Where the meaning of an antecedent rule or statute is "in doubt a presumption arises that the amendatory act was intended to clarify the existing law's ambiguity." *Texas County Irrigation & Water v. Oklahoma Water Resources Bd.*, 1990 OK 121 ¶ 6, 803 P.2d 1119. We hold, therefore, that the explanatory language in the 1997 amendments to Rule 19 giving the Workers' Compensation Court discretion to waive subsection E's terms for good cause, and changing the word "subsection" to "Rule" in subsection F were explanatory and therefore relate back and apply to this appeal.

¶ 14 Miles's reliance on *Howard v. T.G. & Y. Stores, Inc.*, 1986 OK 45, 725 P.2d 1262, is misplaced. There we interpreted a version of Rule 19 that was far more restrictive than is the current version of the rule. The former version of Rule 19 allowed the Workers' Compensation Court to waive timely filing of a Form 10 by excluding the testimony of a witness listed on it only if the court "excuses in writing the party's failure to file." In *Howard* we reversed the Workers' Compensation Court for receiving in evidence an expert's testimony that had been filed out of time. We did so because "the trial court did not excuse in writing the tardy filing of respondent's medical report, and thus committed error in admitting the evidence contained

---

**1.** Rule 19.E and F, amended in 1997, with the added language emphasized and the stricken language stricken through, now reads:

E. No later than twenty (20) days prior to the date of trial, all parties shall exchange medical reports, all documentary evidence, exhibits and a complete list of witnesses with all opposing parties, *unless excused by the Court for good cause shown.*

F. Both the Motion to Set for Trial and the Pretrial Stipulations shall list the names of all witnesses, including any expert witnesses, which the party intends to call at the time of trial. Any witness not listed on the appropriate form shall not be allowed to testify. Failure to comply with this ~~subsection~~ *Rule* shall result in the exclusion of the evidence submitted at the time of trial, unless excused by the Court for good cause shown.

therein." 1986 OK 45 at ¶ 5, 725 P.2d 1262. Rule 19 was amended to a form similar to the current version in 1990. As earlier noted, the current version of Rule 19 no longer requires waiver of the time limitations to be in writing but merely requires a finding by the Workers' Compensation Court of "good cause."

¶ 15 Finally, Miles claims that without Dr. P's report the record would not support the Workers' Compensation Court's finding that the incident giving rise to the September 1996 surgery was related to the April 1996 injury at Frontier. This is not the state of the record, however.

¶ 16 We observe that even under the old restrictive version of Rule 19, failure to comply with the Rule would not require reversal "if admission of the report is harmless in effect when viewed in the context of the entire proceedings." *Howard* 1986 OK 45 at ¶ 6, 725 P.2d 1262. Harmless error, however, is not an issue here as our interpretation of Rule 19 convinces us that the trial court did not err in receiving Dr. P's report into evidence. Here it is undisputed that Miles's disability started with a 1989 accident from which he suffered significant disability. After Miles's April 1996 injury his treating physician released him from further treatment before he re-injured himself when he started his lawnmower. Further, at the trial Miles admitted that he had re-injured his back when he started his lawnmower. Thus, even without Dr. P's report, the record would have supported the three-judge panel's finding that starting his lawnmower, not the earlier on-the-job-injury at Frontier, caused Miles's third injury and surgery.

¶ 17 As the record contained evidence that supported the three-judge panel's finding of the cause of Miles's last injury, exclusive of Dr. P's report, we are obliged to accept its finding on this score. "All findings of fact made in the trial tribunal's decision under review are conclusive and binding unless they have been ascertained to lack support in competent evidence." *Parks v. Norman Municipal Hospital,* 1984 OK 53 ¶ 12, 684 P.2d 548.

¶ 18 The Workers' Compensation Court is not obliged to defer to any medical expert's opinion on the issue of causation. "Where respondent produces any admissible evidence which refutes the claimant's medical testimony concerning causation, the trial court must consider all the evidence in determining causation of the injury or disease. Both parties are permitted to present lay evidence, whether direct or circumstantial, on the issue of causation." *Collins v. Halliburton Services,* 1990 OK 118 ¶ 8, 804 P.2d 440.

¶ 19 The facts that (1) Miles's doctor had released him to work before his third injury, (2) Miles's testified that his back had hurt after he started his lawnmower, and (3) he had hurt his back in exactly the same place in 1989 were sufficient in and of themselves to support the Workers' Compensation Court's finding that Miles's September 1996 disability was not caused by his April 1996 accident while working at Frontier. The Workers' Compensation Court was entitled to ignore all the medical experts' opinions concerning causation. Thus, Dr. P's report was not a necessary piece of evidence in the absence of which we would have been required to hold the Workers' Compensation Court's ruling lacked record support.

CERTIORARI GRANTED, COURT OF CIVIL APPEALS' OPINION VACATED, ORDER OF A THREE–JUDGE PANEL OF THE WORKERS' COMPENSATION COURT SUSTAINED.

SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, SIMMS, OPALA, and KAUGER, JJ., concur.

ALMA WILSON, J., dissents.