2001 OK CIV APP 89

**Debra RESTINE and Gregory Restine, Petitioners,**

v.

**ARKLA, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 95,314.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 12, 2001.

Certiorari Denied June 11, 2001.

Susan H. Jones, Wilson Jones, P.C., Tulsa, for Petitioners.

John McCaleb, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for Respondent.

HANSEN, Chief–Judge.

¶1 On July 27, 1992, Peter Restine sustained an accidental personal injury arising out of and in the course of his employment with Respondent, ARKLA. The Workers' Compensation Court awarded him disability benefits including psychological overlay. He committed suicide on May 10, 1999 as a result of these injuries. Petitioners, his wife and minor son, petitioned the Workers' Compensation Court for survivor benefits. The court found Petitioners were entitled to survivor benefits because the suicide of Deceased arose as a consequence of his work related injuries.

¶2 In addition to lump sum benefits, the court awarded Petitioners Debra Restine $298.20 per week and Gregory Harold Restine $63.90 per week. The court based these benefits on a percentage of the *state's* average weekly wage at the time of Deceased's injury pursuant to 85 O.S.1991 § 22(8). Petitioners seek review by this Court only on the issue of the calculation of benefits.

¶3 It is undisputed the average weekly wage (AWW) of Deceased at time of his death was $661.00 per week. The state's average weekly wage at that time was set at $426.00 per week. Section 22(8)(a) provides for benefits for certain surviving dependents. Subsection(1) provides:

If there is a surviving spouse, to such surviving spouse seventy percent (70%) of the average weekly wages the deceased was earning. In no event shall this spousal income benefit be diminished.

Subsection (2) provides:

If there is a child or children, to such child or children fifteen percent (15%) of the

average weekly wages the deceased was earning for each child. Where there are more than two such children, the income benefits payable for the benefit of all children shall be divided among all children, to share and share alike subject to the subparagraphs (c) and (d) of this paragraph.

¶ 4 Petitioners claim as a matter of law the trial court should have followed this statute to calculate their benefits based on Deceased's average weekly wage instead of the state's average weekly wage. They agree the maximum that they could receive could not be more than the permanent total disability rate at which Deceased could have drawn as set out in 85 O.S.1991 § 22(8)(c). This subparagraph provides for maximum income benefits for death. It provides:

> For the purposes of this section, the average weekly wage of the employee shall be taken as not more than the average weekly wage of the state. In no case shall the aggregate weekly income benefits payable to all beneficiaries under this section exceed the maximum income benefits that were or would have been payable for total permanent disability to the deceased.

¶ 5 Subparagraph (d) provides:

> Maximum total payment. The maximum weekly income benefits payable for all beneficiaries in case of death shall not exceed one hundred percent (100%) of the average weekly wages the deceased was earning, subject to the maximum limits in subparagraph (c) of this paragraph.

¶ 6 Focusing on the second sentence of this section, Petitioners apply these statutes to conclude as follows:

Debra Restine:

| | |
|---|---|
| AWW Deceased | $661.00 |
| 70% of above | $462.70 |

Gregory Restine:

| | |
|---|---|
| AWW of Deceased | $661.00 |
| 15% of above | $ 99.15 |

This totals $561.85. 100% of state's average weekly wage is $426.00. Consequently, they submit, the aggregate death benefits they should draw is $426.00, the state's average weekly wage. This is the amount they claim the court should have awarded, rather than the total of $361.90 actually awarded.

¶ 7 At first blush this is very convincing. However, Petitioners misinterpret the first sentence of subparagraph (c). That sentence states the average weekly wage of the employee shall be taken as not more than the average weekly wage of the state. Thus, the AWW of Deceased is not considered as his actual AWW, but rather $426.00 per week. Using 70% and 15% of this amount, the trial court correctly figured the benefits due to Petitioners.

¶ 8 The decision in *Matter of Death of Knight,* 1994 OK 74, 877 P.2d 602 dealt with whether benefits should be paid to a survivor of a deceased employee based on the state's average weekly wage at the time of the deceased employee's last hazardous exposure, or the state's average weekly wage on the date of his death. Although not dealing with the specific issue considered herein, the Court held the maximum amount of death benefits payable to a beneficiary under § 22(8) must be based upon the state's average weekly wage in effect at the time of the employee's death. There was no question presented to dispute use of the state's average weekly wage as a basis for the award of survivor benefits.

¶ 9 Accordingly, we can not hold the trial court erred in using the state's average weekly wage as a basis for determining the amount of Petitioners' benefits.

¶ 10 SUSTAINED

GARRETT, J., and BUETTNER, P.J., concur.