2003 OK 37

**James ELLINGTON, Petitioner/Appellant,**

**v.**

**HORWITZ ENTERPRISES, d/b/a The Kettle # 217; Travelers Insurance and The Workers' Compensation Court, Respondents/Appellees.**

No. 97,066.

Supreme Court of Oklahoma.

April 8, 2003.

Philip D. Ryan, Boettcher, Ryan & Martin, Oklahoma City, OK, for Petitioner/Appellant.

Travis A. Fulkerson, Looney, Nichols, & Johnson, Oklahoma City, OK, for Respondent/Appellee.

SUMMERS, J.

¶ 1 The question is whether the injured worker let his compensation claim for job-related injury lapse by reason of non-compliance with a statute requiring that he "request a hearing and final determination" within a fixed period of time. We conclude that his claim did so lapse, and was properly dismissed by the Workers' Compensation Court for want of prosecution.

¶ 2 James Ellington was injured in 1995. He received medical treatment, including surgery on a knee. He also received temporary disability while receiving medical care. His last payment of temporary disability was June 22, 1995.

¶ 3 The worker filed a Workers' Compensation Court Form 3, "Employee's First Notice of Accidental Injury and Claim for Compensation" on March 21, 1995. He filed a Form No. 9 "Motion to Set for Trial" four times between April 4th and June 5th 1995. On February 7, 2001, the worker filed his fifth Form No. 9 and specifically requested an adjudication on his claim of temporary disability, permanent partial disability, and a claim for a continuing medical benefit. Employer contested the claim, alleging that worker failed to prosecute the claim in a timely manner as required by 85 O.S. § 43. The court agreed and denied the claim.

▮ ¶ 4 We have said that limitations issues involve mixed questions of fact and law and are reviewed as questions of law in this Court. *Taylor v. City of Oklahoma City,* 1989 OK 129, 782 P.2d 1363, 1365. If the limitations issue depends upon a question of fact, those facts are reviewable as set out in *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). In *Matter of Death of Hendricks,* 1991 OK 52, 812 P.2d 1361, 1363. We review a compensation court ruling on an issue of law by a "plenary, independent and non-deferential reexamination" that is *de novo* in nature. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶ 6, 16 P.3d 1120, 1123.

¶ 5 The injury occurred on January 26, 1995. The relevant portion of § 43 then in effect stated that:

B. When a claim for compensation has been filed with the Administrator as herein provided, **unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution,** which action shall operate as a final adjudication of the right to claim compensation thereunder.

85 O.S.Supp.1995 § 43(B) (emphasis added).

In 1997 this language was amended and changed the period from five years to three years to request a final determination.

B. When a claim for compensation has been filed with the Administrator as herein provided, **unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution,** which action shall operate as a final adjudication of the right to claim compensation thereunder.

85 O.S.Supp.1997 § 43(B) (emphasis added).

The trial court determined that Mr. Ellington did not request a hearing and final determination of a claim until he filed his Form 9 on February 7, 2001. His claim had been filed March 21, 1995 and the last payment of temporary disability was June 22, 1995. The trial court applied the 1997 version of § 43, concluded that more than three years had elapsed between June 22, 1995 and February 7, 2001, and thus denied the claim. The Court of Civil Appeals agreed.

¶ 6 We explained in *Marley Cooling Tower Company v. Cooper,* 1991 OK 62, 814 P.2d 472, that statutes of limitation are viewed as procedural rather than substantive, and no rights vest in them until a claim becomes time-barred by a statute which governs it. *Id.* at ¶ 8, 814 P.2d at 475. It is when a claim is time-barred by an applicable statute that a defendant possesses a vested right to insist that no subsequent change by the Legislature can revive a claim already barred by the lapse of time. *Id.*

¶ 7 We have also explained that the legislature may constitutionally shorten a statute of limitations and make the amended statute applicable to existing causes of action, provided that the amendment provides a reasonable time within which suits for such causes may be commenced. *Tucker v. McCrory,* 1954 OK 24, 266 P.2d 433, 434–435. This concept is not novel to our Court. See, for example, *Turner v. People of State of New York,* 168 U.S. 90, 94, 18 S.Ct. 38, 42 L.Ed. 392 (1897), where the Supreme Court stated

that "It is well settled that a statute shortening the period of limitation is within the constitutional power of the legislature, provided a reasonable time, taking into consideration the nature of the case, is allowed for bringing an action after the passage of the statute, and before the bar takes effect." *Id.* 168 U.S. at 94, 18 S.Ct. 38. *See also*, 17 *Ruling Case Law*, § 11, at page 672, (stating rule and collecting cases).

■ ¶ 8 In our case today the three-year period has not been challenged as unreasonably short, and we thus apply the three-year period in the 1997 amendment to the controversy. The Form 9 filed February 7, 2001 is more than three years after June 22, 1995, and the bar of § 43(B) would apply to worker's claim if that filing is selected as the only filing satisfying § 43. Worker argues that the four Form 9s filed in 1995 should be considered as satisfying § 43.

■ ¶ 9 A claim will be barred by § 43 when an injured worker does not, within the limitations period, make a good faith request for a hearing and final determination of his or her claim. *White v. Weyerhaeuser Co.*, 1990 OK 98, 798 P.2d 623, 626; *Beatty v. Scott*, 1961 OK 140, 362 P.2d 699, 701. We have said that the statutory bar did not apply if, within the limitations period, the claimant "filed a written motion requesting a hearing and final determination of the claim." *National Zinc Co. v. Carter*, 1968 OK 82, 442 P.2d 488, 491. *See also*, *Purdy v. Flint Steel Corp.*, 1975 OK 70, 535 P.2d 277, 280, where we said that "Filing motion for final hearing within five year period establishes good faith in presenting claim under Section 43, . . . ."

¶ 10 We have indicated that to satisfy § 43 the worker's filing must have content that is designed to request a hearing and final determination of the claim. We have stated that a Form 3 does not satisfy § 43, because that Form was not designed to accomplish a request for a hearing and final determination.

The only matter tried at the December 1, 1987 hearing before the trial judge was temporary total disability. It appears a Motion of Claimant to Set for Hearing (Form 9) was filed on December 21, 1987 in regard to permanent partial disability to the eye, although this form does not appear in the record. Such filing is noted in a January 21, 1988 response White filed to Company's motion to hold in abeyance any hearing on the issue of permanent disability while its appeal concerning the statute of limitation defense was pending before the en banc panel. **We note this matter for the reason § 43 is concerned with making a request for hearing and final determination of a claim, something not accomplished by White's filing on July 23, 1987 of an Employee's First Notice of Accidental Injury and Claim for Compensation (Form 3).** However, even if we use this earlier date as the event which first requested a hearing and final determination in this matter it would be outside the five year period mandated by § 43.

*White v. Weyerhaeuser Co.*, 1990 OK 98, n. 3, 798 P.2d 623, 626 (emphasis added).

This quote points out that in *White* the claimant's Form 9 was a motion to set for hearing a claim for permanent partial disability. The claimant in our case today filed four Form 9s between April 4th and June 5th 1995. The question is whether they tolled § 43(B). They did not, as we now explain.

¶ 11 The Forms Mr. Ellington filed are part of the record before us. The Form has a category titled "Issues to be tried" and requires the worker to circle one or more of those provided.[1] His first Form 9 on April 4, 1995 marked "Other" for issues to be tried, and he specified "submission of medical" as that issue. On an additional category he placed "157.25" for the average weekly wage to be used. On another line he listed the

---

1. The Form has categories for "issues to be tried: circle all applicable issues below:" "a. Temporary disability from ____ to ____.; b. Medical Treatment from ____ to ____.; c. Permanent Partial Disability.; d. Permanent Total Disability.; e. Objection to Termination of Temporary Compensation.; f. Motion to Reopen on Change of Condition.; g. Change in Physician.; h. Liability of Special Indemnity Fund.; i. Rate TTD ____ PPD ____ AWW ____; j. Death Benefits.; k. Appeal from Form 18 Order,; l. Form 19 (Request For Payment of Medical or Rehabilitation Services).; m. Other (SPECIFY)____."

Edmond Medical Center as the provider of a medical report. No request for the trial of temporary or permanent disability was made.

¶ 12 His second Form 9 was filed one day later on April 5, 1995. It specifies no issues to be tried other than 157.25 for AWW.[2] It lists an additional medical report to be introduced at trial. The third Form 9 was filed April 14, 1995. It specifies no issues to be tried other than 157.25 for average weekly wage. It lists an additional medical report to be introduced at trial. The fourth Form 9 was filed June 5, 1995. It specifies no issues to be tried other than 157.25 for AWW. It also lists an additional medical report to be introduced at trial. Ellington thus filed four Form 9s specifying his average weekly wage and his medical reports. He selected his wage as an item for trial, but did not request a trial on any type of disability in any of these four filings.

¶ 13 When worker filed his Form 9s between April 4th and June 5th 1995 the Rules of the Workers' Compensation Court provided that: "The claimant may request a trial on any issue by filing a Motion to Set for Trial (Form 9)." 85 O.S.1991 Ch. 4, App., Rule 19.[3] The forms show a request to set for trial worker's average weekly wage. They do not show any request for a **final** determination of a disability claim as required by § 43.

¶ 14 There is yet another reason why these four filings are insufficient. In *Matter of Death of Hendricks*, 1991 OK 52, 812 P.2d 1361, we said the following:

The resolution of this contention is pointed to in the early case of *Parsons v. State Industrial Court*, 372 P.2d 27 (Okl.1962). There this Court stated claimant's formal written request was made June 30, 1954, which was within five years after the effective date of the limitation provision. There the Court noted that the question of whether the five-year period had run after the request of June 30, 1954 was raised. The Court held that the claimant had requested a hearing three times by June 18, 1959 and thus the claim was not barred five years after the June 30, 1954 request. **If the court had been of the opinion that one request for a hearing within five years of filing the compensation claim forever tolled the bar of § 43 this inquiry would have been a useless act. ...**

*Matter of Death of Hendricks*, 812 P.2d at 1363.

We then explained:

In *White, supra* at 627, this Court noted that the Court of Appeals has recognized the five-year provision was promulgated in part to limit the period of potential liability of an employer once the jurisdiction of the Workers' Compensation Court is invoked. **Were we to hold that a claim could be withdrawn from the five-year limitation period forever by the filing of a request for final determination, the legislative purpose behind the statute would be completely thwarted. We thus hold that the bar of the statute is demonstrated when any five-year period passes after filing a claim in which there has not been a good-faith effort to receive a hearing and final determination.**

*Matter of Death of Hendricks*, 812 P.2d at 1364 (emphasis added).

Similarly, were we to hold that a claim could be withdrawn from the three-year limitation period forever by the filing of a request for a hearing on average weekly wage shortly after the claim was filed, the legislative purpose behind § 43(B) would be completely thwarted.

¶ 15 The claimant took no action to receive a final determination between June 22, 1995, the date of last disability payment, and Feb-

---

**2.** "AWW" is the worker's average weekly wage. *See, e.g., Restine v. ARKLA*, 2001 OK CIV APP 89, ¶ 3, 27 P.3d 1032, 1032, (released for publication by order of the Supreme Court).

**3.** The rules were amended shortly thereafter. 85 O.S.Supp.1995 Ch. 4, App. (rules amended by order of June 22, 1995, eff. July 1, 1995). Those rules state that we measure the effective-

ness of a court form based upon the rule in effect at the time the form was filed. See 85 O.S.Supp. 1995 Ch. 4, App. Rule 3, Forms Under Old Rules. See also *Miles v. Frontier Plastic Fabricators*, 1999 OK 18, 976 P.2d 1051, 1053 1054 (previous rules in effect at time of hearing applied); *Thomas v. Elephant Run*, 1991 OK 72, n. 1, 814 P.2d 496, 497, (same).

ruary 7, 2001, the first and only date he filed a Form 9 seeking final determination. Thus his claim is time-barred not only by the three-year version of § 43(B), but would also have been barred under the earlier version had the Legislature not amended it.

¶ 16 The opinion of the Court of Civil Appeals is vacated, and the order of the Workers' Compensation Court dismissing the claim is sustained.

¶ 17 WATT, C.J., HODGES, LAVENDER, HARGRAVE, KAUGER, WINCHESTER, JJ., Concur.

¶ 18 OPALA, V.C.J., Concurs in part, Dissents in part.

¶ 19 BOUDREAU, J., Dissents.