**OKLAHOMA TAX COMMISSION et al. v. FIRST NATIONAL BANK & TRUST COMPANY OF OKLAHOMA CITY.**

No. 26011.   Opinion Filed Dec. 1, 1936.

C. D. Cund, C. W. King, and A. L. Herr, for plaintiffs in error.

Hayes, Richardson, Shartel, Gilliland & Jordan and Frank A. Chilson, for defendant in error.

WELCH, J. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

Plaintiff filed with the Oklahoma Tax Commission its income tax return for the year 1931, wherein it listed its gross taxable income, and also stated its nontaxable income, which was interest on securities exempt by the provisions of the statute. Plaintiff deducted from its gross taxable income an item of "ordinary and necessary expenses" paid in carrying on its business. Taxes were paid as reflected by this return. Thereafter the Tax Commission disallowed a portion of the item claimed as deductible as ordinary expenses in the conduct of its business. That disallowance resulted in a demand for a substantial sum of additional income tax for the year involved. This additional amount was paid under protest and this suit was instituted for the recovery thereof.

The facts are that the Tax Commission observed the percentage of total income received as interest on tax-exempt securities, and then struck out an equal percentage of the claimed deduction for business operating expenses. This action was taken upon a rule of the commission.

To an answer of the Tax Commission setting up these facts, the trial court sustained a demurrer.

On appeal the Tax Commission seeks to reverse the trial court and sustain its own action upon the rule invoked.

The legislative act does not purport to tax income derived from such tax-exempt securities, while, of course, the proper tax was due on its taxable income. There is no controversy as to the taxpayer's actual total income, nor its source.

The cause is presented to us here solely upon the question of the right and authority of the Tax Commission to promulgate and enforce the rule referred to, and to disallow the claimed expenses in certain percentage, basing such disallowance purely upon the theory sought to be employed by the rule, and as shown by the answer.

The question may be stated thus: If the income tax return shows that the taxpayer owns certain tax-exempt governmental securities, and that a certain percentage of the taxpayer's total income was received as in-

terest on such tax-exempt securities, which income is exempt from taxation under the act, then may the Tax Commission arbitrarily assume that an equal percentage of the business operating expenses were used and expended in receiving that portion of the income received as interest on such tax-exempt securities?

The defendant in its presentation of the question, and in its effort to answer the above question in the affirmative, urges that a taxpayer should not be entitled to deduct that portion of his operating expense which was expended in a separate branch of his business, prosecuted for the purpose of earning or receiving the exempt portion of his income. That contention may be sustained generally by the rule announced in Lewis v. Commissioner of Internal Revenue, 47 F. (2d) 32, as applied to the facts there.

But that is far different from the rule that the Tax Commission may arbitrarily fix that percentage of the total business operating expense which is to be taken in all cases as the correct portion of operating expenses used or expended in earning or receiving the exempt portion of the income.

In the Lewis Case, supra, the taxpayer was engaged in more than one business or enterprise. He was a state official and thereby earned an income which was exempt from taxation. He was also engaged in a private business and thereby earned taxable income. In determining the amount of that taxable income he was entitled to deduct business operating expenses. It was held, however, that he was not entitled to deduct certain expenses incurred as a state official. Here the facts are essentially different; the taxpayer is engaged in but one general business, that of banking. As an incident thereto it owns these governmental securities upon which it collects and receives interest. There appears no logical reason for extending the rule of the Lewis Case to apply to this receiving of interest on governmental securities. Such construction or limitation of the Lewis Case appears not to have been considered by the federal courts since the decision of the circuit court in that case, but such construction and limitation seems to have been applied by the federal authorities, as indicated by the opinion of the general counsel for the Bureau of Internal Revenue. (See G. C. M. 10123 Cumulative Bulletin X-2 [December, 1931] page 254.)

In this case the bank asserted the sum it claimed as deductible operating expenses. The act authorizes the deduction of "all or-

dinary and necessary expenses paid and incurred during the taxable year, in carrying on any trade or business which produced income derived wholly from sources within this state." It is the contention of the bank that all of the deduction claimed is justified under that provision of the act. Of course, if the amount claimed is not the correct amount which the taxpayer is entitled to claim as a matter of fact, then we know of no reason why it could not be audited and corrected as any other claimed deduction, by proper action of the authorities, but it would not follow that the Tax Commission could strike a fixed percentage thereof under the authority claimed. The commission rule or regulation referred to and relied upon does not bear any necessary relation to the actual facts. Let us illustrate. The full one-half of a certain taxpayer's income might be interest on tax-exempt government securities, while it would not necessarily follow by any means that one-half of his business operating expense would be expended in the mere receiving of that interest income.

We do not find in the legislative act any authority in the Tax Commission to promulgate or enforce such a rule so fixing the percentage of operating expenses which is deductible.

The plaintiff asserts that the enforcement of such a rule would indirectly result in taxing the income received as interest on tax-exempt securities, including United States Government bonds, and that the Legislature would be without authority to authorize the Tax Commission to promulgate and enforce such a rule. We need not determine that question, as the act does not purport to confer that authority upon the Tax Commission.

We, therefore, conclude that the trial court committed no error in sustaining the demurrer. It is conceded that if this ruling was correct, then the rendition of judgment was correct, since the defendant declined to plead further and elected to stand on the answer.

The defendant contends that the trial court committed error in rendering judgment for 6 per cent. interest from the date of payment of the protested tax. The income tax act of 1933, chapter 195, S. L. 1933, in section 39 (a), provided in effect that if any taxpayer should prevail in a suit to recover income taxes paid under protest, the amount should be refunded with interest thereon at the rate of 6 per cent. per annum "from the date of such payment" to be evidenced by the final judgment of the court. The

provision indicates that it is to be applied to all refunds subsequently made. There is nothing in the act to indicate that the provision for interest is to be limited so as to apply only to income tax accruing after its effective date, or to be limited to payments made under protest after the effective date of the act. The contrary intention is indicated by the act as a whole. We, therefore, conclude there was no error in rendering judgment for interest at the rate of 6 per cent. per annum from the date of the payment of the tax under protest. There is no question but that the tax was properly paid under protest and this suit instituted in due time thereafter.

The defendant further assigns as error the rendition of judgment for costs in plaintiff's favor. The plaintiff in its brief confesses error in this regard, or waives judgment for costs, and the judgment of the trial court to that extent should be modified.

The judgment of the trial court is modified to exclude any judgment for costs, and in all other respects is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, and BUSBY, JJ., absent.