**FORT HOWARD PAPER COMPANY, Appellant,**

v.

**STATE of Oklahoma ex rel. OKLA-HOMA TAX COMMISSION, Appellee.**

No. 69971.

Court of Appeals of Oklahoma, Division 2.

June 27, 1989.

Rehearing Denied Aug. 28, 1989.

Certiorari Denied May 22, 1990.

Richard G. Ingham, Timothy M. Larason, Andrews Davis Legg Bixler, Milsten & Murrah, Oklahoma City, for appellant.

Joe Mark Elkouri, Gen. Counsel, Marjorie Welch, Asst. Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellee.

MEANS, Judge.

Taxpayer appeals from an order of the Oklahoma Tax Commission which assessed additional corporate income tax for the year 1977. Having reviewed the record and applicable law, we reverse.

This appeal concerns a dispute between Ft. Howard Paper Company, a corporation

domiciled in Wisconsin and doing business in Oklahoma, and the Oklahoma Tax Commission. The controversy involves Taxpayer's 1977 corporate income tax return and the Commission's 1985 assessment for additional income tax and interest.

There are no material facts in dispute. The case instead turns on a reading of Oklahoma's tax statutes. At all times Taxpayer has asserted that the 1985 assessment was barred by the statute of limitations. Taxpayer further contends that the Commission erred in assessing certain taxes against it.

On or before April 15, 1978, Taxpayer timely filed its 1977 Oklahoma income tax return. There has never been any allegation that this return was either false or fraudulent. At no time since filing its return has Taxpayer entered a written agreement with either the Commission or the Internal Revenue Service extending the time in which additional state or federal income tax for 1977 could be assessed.

■ At the time Taxpayer filed its return, and at all times since then, the relevant statute of limitations for assessment of taxes was found in 68 O.S.Supp.1978 § 223 (emphasis added), which provides:

(a) *No assessment of any tax* levied under the provisions of any state tax law *except as provided in the following paragraphs of this section, shall be made after the expiration of three (3) years* from the date the return was required to be filed or the date the return was filed, whichever period expires the later, and no proceedings by tax warrant or in court without the previous assessment for the collection of such tax shall be begun after the expiration of such period.

As noted in subsection 223(a), exceptions to the three-year limitation period are included in the remainder of section 223. The statute sets out two specific exceptions which toll the limitations period:

(b) Where *before the expiration of the time prescribed* in the preceding paragraph for the assessment of the tax, *both the Tax Commission and the taxpayer have consented in writing to its*

*assessment after such time*, the tax may be assessed at any time prior to the expiration of the period agreed upon, and the period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. In those instances where the time to file a claim for a refund has not expired at the date the extension agreement is entered into, the entering into such an agreement shall automatically extend the period in which a refund may be allowed or a claim for a refund may be filed to the final date of such agreement.

(c) *In the case of either a false or a fraudulent report or return, or failure to file a report or return,* as required under any state tax law, the Tax Commission is authorized to compute, determine and assess the estimated amount of tax due from any information in its possession, or *a proceeding* in court *may be begun* for the collection of such tax without assessment *at any time.*

As already stated, Taxpayer timely filed its 1977 return in April 1978. Neither Taxpayer nor the Commission consented in writing to assessments after the three-year period. Once again, the Commission has never contended that Taxpayer's return was false or fraudulent. Thus, a clear reading of section 223 shows that because Taxpayer filed its timely return in April 1978, Oklahoma's three-year assessment period expired on April 15, 1981.

On March 12, 1981, the IRS, operating within a similar three-year limitation period, sent Taxpayer a notice of delinquency concerning its 1977 federal income tax return. On October 20, 1983, pursuant to a stipulation between Taxpayer and the IRS, the deficiency in federal tax due from Taxpayer for 1977 was approved by an order of the U.S.Tax Court. On April 18, 1984, Taxpayer sent a protective notice to the Oklahoma Tax Commission concerning its corrected federal return.

On April 5, 1985, nearly seven years after Taxpayer timely filed its 1977 Oklahoma return, the Commission's income tax division sent Taxpayer a notice of addition-

al tax and interest due for 1977 of more than $6,000. The Commission's explanation adjusted Taxpayer's amounts for sales, interest expense, and interest income.

Taxpayer filed a protest asserting that the assessment was barred by the statute of limitations. Taxpayer further protested four adjustments to its return, arguing that these were not authorized by law. The case was tried to an administrative law judge who affirmed the division's assessment in a lengthy order. From the order of the Commission, Taxpayer has appealed.

In response to Taxpayer's assertions that the action is barred by the statute of limitations, the Commission cites 68 O.S.Supp. 1978 § 2375(G)(current version at 68 O.S. Supp.1988 § 2375(H)) (emphasis added; footnote omitted), which provides:

Where, *before the expiration of the time prescribed in Section 223* of the Uniform Tax Procedure Code for the assessment of the tax, *the taxpayer and the Internal Revenue Service have consented in writing to an extension of time* in which the federal income tax may be assessed, the tax imposed under this law may be assessed, or refunded, at any time prior to the expiration of time agreed upon, with such additional time added as specified hereinbelow.

If the amount of the net income for any year of the taxpayer under this law, and as returned to the United States Treasury Department, is changed or corrected by the Internal Revenue Service, such taxpayer, within one (1) year after final determination of the corrected net income, shall file an amended return reporting the corrected net income, or notify the Tax Commission by letter that the information is available, and the Tax Commission shall make assessment or refund based thereon within one (1) year from the date the return or notice required by this section is filed and not thereafter, unless a waiver is agreed to and signed by the Tax Commission and the taxpayer.

In the event of failure by a taxpayer to comply with the provisions of this section, the statute of limitations shall be tolled for a period of time equal to the time between the date the return or notice under this section is required until such return or notice is actually furnished.

The Commission reads the above section to give it one year from the taxpayer's notice of correction by the IRS to file an assessment. The Commission contends that the second paragraph of section 2375(G) is not related to the first paragraph where only the specific exception of a written consent to an extension will toll the limitations period of section 223.

In support of its interpretation the Commission relies primarily on a policy argument, explaining that the second paragraph of section 2375(G), allocates one year from the time when the taxpayer notifies the Commission of changes in the federal return in which the Commission may assess additional taxes. During this one year, even if no consent was filed and the three-year limitation has expired, the Commission asserts that it may assess additional taxes. Such a statutory interpretation is untenable.

The clear language of section 223 sets out a three-year limitation period with only limited exceptions. One of those is a written consent to extension of time filed by both the taxpayer and the Commission. This emphasis on written consent was later enacted in section 2375(G), which outlines a further exception when written consent is filed by both the taxpayer and the IRS. With the exception of false or fraudulent returns, nothing in the tax statutes suggests that written consent may be dispensed with to extend the limitations period.

The Oklahoma Constitution unequivocally provides that our statutes cannot "revive any right or remedy which may become barred by lapse of time, or by any statute of this State." Okla. Const. art. V § 52. Additionally, Oklahoma law demands that "[t]ax statutes should be strictly construed against the state." *Wilson v. State ex rel. Oklahoma Tax Comm'n,* 594 P.2d 1210, 1212 (Okla.1979). Any ambiguity or doubt as to two possible constructions must be

resolved in favor of the taxpayer. *C.H. Leavell & Co. v. Oklahoma Tax Comm'n,* 450 P.2d 211, 215 (Okla.1968). *See also, Shwab v. Doyle,* 258 U.S. 529, 536, 42 S.Ct. 391, 393, 66 L.Ed. 747 (1922).

In construing section 2375(G), this court must view the statute as a whole. *Cowart v. Piper Aircraft Corp.,* 665 P.2d 315, 317 (Okla.1983). The individual paragraphs of section 2375(G) cannot be split into three separate, unrelated laws. A clear reading of the entire statute shows that the legislature intended to create a third exception to the three-year limitations period of section 223—only when the taxpayer and IRS both file written consent. Such a reading is the only constitutional interpretation for the statute.

The Commission's rationale relies heavily on the fact that it makes extensive use of IRS information in assessing additional state tax. The Commission's basic argument is that it needs this one-year period in which to make adjustments in the taxpayer's Oklahoma return based on the corrected federal return. This argument totally ignores the fact that the Commission is given three years in which to question the taxpayer or audit the taxpayer's return. The Commission does not deny that during the three years following Ft. Howard's timely filing it did absolutely nothing to determine the accuracy of the 1977 tax return.

■ Although our decision turns on the statute of limitations, we feel compelled to reach Taxpayer's other issues in order to prevent further errors of law concerning allocation of nontaxable income derived from certificates of deposit. Concerning interest income, 68 O.S.Supp.1978 § 2358(A)(3)(b)(current version at 68 O.S. Supp.1988 § 2358(A)(4)(b)), mandates that this income "shall be allocated in accordance with the domiciliary situs of the taxpayer." In Taxpayer's case, that state is Wisconsin, not Oklahoma. Construing this same statute in *Ashland Exploration, Inc. v. State ex rel. Oklahoma Tax Comm'n,* 751 P.2d 1070, 1073 (Okla.1988), the court stated that this section was clear and unambiguous, with no room for interpretation

to fabricate a different meaning. The Commission's arbitrary determination that only long-term investment interest is allocable to the domiciliary situs is unfounded in law.

■ The Commission further erred in using an unpublished formula to allocate expense attributable to non-taxable interest income. While the Commission stated that the formula was widely used throughout the United States and had been used in Oklahoma for seventeen years, the formula is neither codified in statute nor listed in published regulations in any form. In *Oklahoma Tax Comm'n v. First National Bank & Trust Co.,* 178 Okla. 260, 62 P.2d 1220 (1936), and its companion cases, the court held that the Commission may not apply an arbitrary formula fixing percentages of expenses to be allowed or disallowed without regard to the actual facts of the case. In so holding, the court stated, "if the amount claimed is not the correct amount which the taxpayer is entitled to claim as a matter of fact, then we know of no reason why it could not be audited and corrected as any other claimed deduction, by proper action of the authorities." *Id.* at 261, 62 P.2d at 1222. Like the court in 1936, we find no statutory authority or Commission rule or regulation which supports the arbitrary formula used by the Commission to allocate expenses to interest income.

The Commission's 1985 assessment of additional tax was clearly barred by the statute of limitations. Furthermore, the assessment is unsupported by law. The order is reversed.

REIF, P.J., and BACON, J. (sitting by designation), concur.