PHILLIPS PETROLEUM COMPANY, Appellant,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 82610.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 6, 1994.

Andrew M. Coats, Richard C. Ford, James H. Holloman, Jr., Crowe & Dunlevy, Oklahoma City, and J.W. O'Toole, Albert D. Kramer, Phillips Petroleum Co., Bartlesville, for appellant.

David Hudson, Kathryn Bass, Oklahoma Tax Commission, Oklahoma City, for appellee.

## OPINION

GARRETT, Vice Chief Judge:

Appellant, Phillips Petroleum Company (Phillips), appeals from an order of the Appellee, Oklahoma Tax Commission (OTC). The OTC order upheld the order of the Administrative Law Judge (ALJ) who held the statute of limitations, 68 O.S.1981 [now 1991] § 223(a), did not bar the assessment against Phillips of additional gross production and petroleum excise taxes for periods of production for which payment was made more than three years after the initial tax returns were filed. The issues before the ALJ, as stated in the order, were:

I. Whether Section 223 of Title 68 of the Oklahoma Statutes bars the assessment of tax on additional proceeds paid to a producer as a result of corrections or adjustments to the value of gas that was produced and saved, and reported by Phillips more than three (3) years prior to the payments of the additional proceeds.

II. Whether amended returns reporting the corrected or adjusted value of the gas that was produced and saved, and reported more than three (3) years prior to the corrections or adjustments are required to be filed.

Phillips filed a Motion for Hearing before the Commission En Banc to review the order of the ALJ. On October 19, 1993, Order Number 93–10–19–009 was filed by OTC, denying Phillips' request for oral argument

and finding the Findings, Conclusions and Recommendations of the ALJ should be "and the same are hereby adopted as the Order of the Commission." The order was mailed to the parties on October 22, 1993, and this appeal followed.

■ Phillips contends the assessment of additional taxes is barred under § 223 regardless of whether an amended return is filed or required to be filed. Phillips argues that subsequent payments for production cannot revive an expired statute of limitations because no taxable event has occurred. Phillips cites *Fort Howard Paper Company v. State*, 792 P.2d 87 (Okl.App.1989) (Cert. denied 1990), for authority that once a limitations period expires, there is no vehicle for assessing additional tax, no matter how erroneous the original return may have been. OTC responds that *Fort Howard Paper Company*, an income tax case, is distinguishable from the instant case. It held that § 2375(G), (currently, § 2375(H)), of title 68 provided a third exception to § 223, for income tax cases. The Court stated:

[A] clear reading of the entire statute shows that the legislature intended to create a third exception to the three-year limitations period of section 223—only when the taxpayer and IRS both file written consent.

We agree that *Fort Howard Paper Company*, supra, is inapplicable to the instant case because it extended § 223 for income tax cases.

This case was presented on the stipulations of the parties. The following were included:

7. For each lease on which additional taxes have been assessed in this case, Phillips timely and properly filed original tax reports pursuant to 68 O.S. § 1010, Rules 710:45-5-1 and 710:45-5-3.

8. Although some of the information on the original tax reports filed by Phillips was subsequently determined to be erroneous, the Division does not contend that the erroneous original tax reports were "false or fraudulent" as those terms are used in 68 O.S. § 223.

9. During the period from July 1, 1988 through December 31, 1990, Phillips made various corrections and adjustments to amounts previously paid to producers of natural gas produced during the years 1979 through 1990.

10. In many cases, the corrections and adjustments resulted in payments to producers of additional proceeds from the production of natural gas.

11. Phillips withheld from the payments of additional proceeds all applicable Oklahoma Gross Production and Petroleum Excise Taxes, to the extent that such taxes related to corrections and adjustments which were made and paid to or recouped from producers within three years of the filing date of the original gross production and petroleum excise tax returns for the production periods to which the corrections and adjustments related. All of said taxes withheld were remitted to the Oklahoma Tax Commission (the "Commission").

12. Relying upon its interpretation of 68 O.S. Section 223, Phillips did not withhold from producers and remit to the Commission any gross production or petroleum excise taxes on additional proceeds resulting from corrections and adjustments when such proceeds were paid more than three years after the filing date of the original gross production and petroleum excise tax returns for the production periods to which the corrections and adjustments related. Hereinafter, the term "corrections and adjustments" refers exclusively to those corrections and adjustments upon which no tax was withheld and remitted to or claimed from the Commission.

Section 1009(d) of title 68 requires the purchaser to deduct the amount of tax paid for gross production. It provides:

(d) On oil, gas or casinghead gas sold at the time of production, *the gross production tax shall be paid by the purchaser of such products*, and *such purchaser shall, and is hereby authorized to deduct* in making settlements with the producer and/or royalty owner, *the amount of tax so paid....* (Emphasis added).

Additionally, 68 O.S. § 1010(c)(3) provides:

(3) Gross production tax reports from either the purchaser or producer shall become due on the first day of each calendar month on ... natural gas or casinghead gas produced in and saved during the preceding monthly period ... *Any requested or required amended report, amendment to report,* or answers to written demand for information which is not received by the Tax Commission *on or before thirty (30) days after the mailing of such* by the Tax Commission or any of its agents, servants, or employees shall be delinquent. (Emphasis added).

Following the audit conducted by OTC, it was determined that Phillips had made mistakes in reporting the production on some of the leases for which it had previously provided reports. The stipulations show that Phillips made changes during the period of July, 1988 through December, 1990, which has been designated "the audit period".

■ Our reading of the statutes in the Gross Production Tax Code, 68 O.S.1981 §§ 1001, et seq. (as amended), persuades us that the term "return" in section 223 must be construed to include "amended return." Gross production tax is levied upon the production of oil and gas equal to 7% of the gross value of the production of petroleum and 7% of the gross value of the production of natural gas and/or casinghead gas. See 68 O.S.1991 § 1001(b). Purchasers, such as Phillips, *shall* pay gross production tax, and the purchaser shall deduct the tax from the payment to the producer. 68 O.S.1991 § 1009(d) (Emphasis added). The purchaser [Phillips], as the one responsible for paying or remitting the tax, must file with OTC a monthly report on each lease. See 68 O.S. 1991 § 1010(b). The purchaser *shall* notify OTC within 30 days of any changes of any producing lease. 68 O.S. § 1010(c)(2). The report is due the first day of each calendar month following the month of production, and any *required amended report* is delinquent if not received within 30 days of the time such is requested by OTC. 68 O.S. § 1010(c)(3) (Emphasis added).

■ Reading §§ 1009 and 1010 together, it appears to us the statutes contemplate the necessity to file amended reports: (1)

when additional proceeds for production are paid after filing the initial report; (2) because of the mandatory requirement to withhold the tax in § 1009(d); and (3) because of the requirement under § 1010(c)(2) to report any changes on producing leases. The requirement for reporting changes on leases, by filing required amended reports, contemplates the possibility that the deadline for filing reports will be constantly changing. If the statute of limitations remained fixed from the time the first return was filed, there would be no need to require purchasers to file amended reports to advise OTC of changes on particular leases. Additionally, the above noted statutes indicate a mandatory duty of the purchaser to deduct and remit the tax for gross production of oil and gas without exception. To allow Phillips to make corrections and adjustments for production on leases for which the initial return was filed more than three years earlier, without remitting the tax, is to relieve Phillips of its statutory duty to deduct and remit the tax to OTC. We do not find such relief available to Phillips, or similarly situated purchasers, under these statutes. The correct conclusion to draw from the statutes is that [if an amended report is filed] the statute of limitations is, in effect, tolled until the amended report is filed. The following conclusion of law from the ALJ's order, which was adopted by OTC, appropriately states:

4. The statute of limitations on assessments of state taxes is set forth in Section 223 of Title 68 of the Oklahoma Statutes. Section 223(a) provides that unless one of the exceptions found in Section 223(b) or (c) applies, no assessment shall be made after the expiration of three (3) years from the later of the date the return was filed or the date the return was required to be filed.

Generally, a statute of limitations does not begin to run against a cause of action until the cause of action accrues. *Matter of Estate of Crowl,* 737 P.2d 911 (Okl.1987). A cause of action begins to accrue at the time when the action could first be maintained. *Hammons v. Muskogee Medical Center Authority,* 697 P.2d 539 (Okl.1985).

In this matter, the Tax Commission did not have a cause of action and could not have maintained an assessment on the additional value given or paid to the producers prior to the payment of the additional proceeds to the producers. Therefore, the Commission's cause of action or right to assess the taxes did not accrue until Phillips paid the additional proceeds. Further, the statute of limitations on the assessment of tax on the additional value paid to the producers remains open or is tolled until Phillips files amended returns or amendments to returns reporting the additional value. See, 68 O.S.1981, § 223(a) and (c). Therefore, the assessment is not barred by Section 223.

The order of the Oklahoma Tax Commission, which upheld the order of the Administrative Law Judge in denying Phillips' protest, is AFFIRMED.

HUNTER, J., concurs.

ADAMS, J., concurs in result.