1998 OK 6

In re O'CARROLL, James, Debtor.

James O'CARROLL, Appellant,

v.

The STATE of Oklahoma, ex rel. OKLAHOMA TAX COMMISSION, Appellee.

No. 87646.

Supreme Court of Oklahoma.

Jan. 20, 1998.

Scott W. Bradshaw, Tulsa, for appellant.

Gregory K. Frizzell, General Counsel, Robert B. Struble, Deputy General Counsel, J.I.M. Caldwell, Assistant General Counsel, Oklahoma Tax Commission, Oklahoma City, for appellee.

ALMA WILSON, Justice:

¶1 Pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.1991, §§ 1601, et seq., the United States District Court for the Northern District of Oklahoma certified the following question of state law to this Court:

Is the requirement to file an amended Oklahoma income tax return under Okla. Stat. Tit. 68, § 2375(H)(2) (1991), after adjustment of a taxpayer's federal income tax liability, dependent upon Okla.Stat. Tit. 68, § 2375(H)(1) (1991) to the extent that the requirement arises only if the taxpayer executed an agreement with the Internal Revenue Service extending the statute of limitations for assessment of additional tax within the Oklahoma three year statute of limitation period specified in Okla.Stat. Tit. 68, § 233; or does Okla.Stat. Tit. 68, § 2375(H)(2) operate as an independent requirement to file an amended Oklahoma

return anytime a taxpayer's income is adjusted by the Internal Revenue Service?

¶2 We answer that § 2375(H)(2) of Title 68 of the Oklahoma Statutes imposes a duty upon Oklahoma tax reporters to notify the Oklahoma Tax Commission, by amended state income tax report or by letter, of any adjustment or correction in the returned federal net income or taxable income within one year after the federal adjustment or correction has been finally determined; and, the filing duty arises anytime a taxpayer's income is adjusted by the Internal Revenue Service, whether the adjustment or correction has been made pursuant to an agreement to extend the federal assessment period or pursuant to a procedure initiated within the applicable federal limitation period.

¶3 The federal district court submitted the following Statement of Pertinent Facts:

1. Appellant, James O'Carroll ("O'Carroll"), is the debtor in the underlying bankruptcy case commenced under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Oklahoma on January 24, 1995. Appellee, State of Oklahoma, ex rel., Oklahoma Tax Commission ("OTC"), is a state agency.

2. In conjunction with his bankruptcy case, O'Carroll filed the adversary proceeding now on appeal to the United States District Court for the Northern District of Oklahoma seeking a determination of the dischargeability of certain Oklahoma income taxes, interest, and penalties owed to OTC for the tax years 1984, 1987, 1989, 1990, and 1992.

3. The dischargeability of all years other than 1984 and 1987 were disposed of by stipulation.

4. O'Carroll owes the OTC income tax, interest, and penalty for 1984 and 1987 as follows:

> 1984: $11,251.78
> 1987: $33,400.49

5. O'Carroll filed an original Oklahoma income tax return for the tax year 1984 on July 1, 1985.

6. O'Carroll filed an original Oklahoma income tax return for the tax year 1987 on December 8, 1988.

7. O'Carroll's 1984 and 1987 original Oklahoma income tax returns were not false or fraudulent.

8. On January 15, 1992, additional Oklahoma income tax was assessed by OTC against O'Carroll, without protest, for the tax year 1984 following OTC's receipt of an Internal Revenue Service, Revenue Agent's Report showing additional federal income tax assessed against O'Carroll for the 1984 tax year.

9. On March 31, 1993, additional Oklahoma income tax was assessed by OTC against O'Carroll, without protest, for the tax year 1987 following OTC's receipt of an Internal Revenue Service, Revenue Agent's Report showing additional federal income tax assessed against O'Carroll for the 1987 tax year.

10. The additional tax assessed by the Internal Revenue Service ("IRS") against O'Carroll for 1984 and 1987 was lawfully assessed pursuant to the Internal Revenue Code.[1]

11. O'Carroll did not execute a written consent with either the IRS or the OTC extending the time that an assessment of tax could be made within three years of the filing of the returns for the years in question.

12. O'Carroll never filed amended Oklahoma income tax returns reporting additional income tax as a result of additional federal assessments for either tax year 1984 or 1987, nor did O'Carroll notify OTC by letter that the information was available.

¶4 In the adversary proceeding, the bankruptcy court ruled in favor of the OTC.

---

1. The parties stipulated that the federal audit resulted in a 28% increase in the gross income for 1984 and a 88% increase for 1987. The parties also stipulated that the federal income tax for 1984 was lawfully assessed in February, 1991, and the federal income tax for 1987 was lawfully assessed in March, 1992. The record reflects that the IRS issued notices of deficiency within the six-year period allowed in 26 U.S.C. § 6501(e) triggered by the understatement of income by at least 25%. The United States Tax Court upheld the notices of deficiency, whereupon the federal assessments were issued.

The federal district court summarized the parties contentions on appeal from the bankruptcy court as follows:

> OTC contends that O'Carroll's state income tax liability for tax years 1984 and 1987 should be excepted from discharge in bankruptcy, pursuant to Title 11 U.S.C. § 523(a)(1)(B)(i), because O'Carroll failed to file required amended Oklahoma income tax returns, pursuant to title 68 O.S. § 2375(H)(2), after his federal income was adjusted for the disputed tax years.

> O'Carroll contends that he was not required to file an amended Oklahoma return or notify OTC of the federal adjustment for either year because he did not execute any written consent with the IRS to extend the limitation for the assessment of additional federal tax as provided under Title 68 O.S.1991 § 2375(H)(1), or with the OTC as provided under Title 68 O.S.1991 § 233(b).

¶ 5 We do not address the dischargeability of the state tax assessments. The question posed is whether O'Carroll had a mandatory duty to file amended state tax reports for 1984 and 1987 or notice letters after his federal income was finally determined. Our answer is controlled by § 2375(H) of Title 68 of the Oklahoma Statutes.[2] The 1991 version of § 2375(H) provides:

> H. 1. Where, before the expiration of the time prescribed in Section 223 of this title for the assessment of the tax, the taxpayer and the Internal Revenue Service have consented in writing to an extension of time in which the federal income tax may be assessed, the tax imposed under this law may be assessed, or refunded, at any time prior to the expiration of time

agreed upon, with such additional time as specified hereinbelow.

> 2. If the amount of the net income for any year of the taxpayer under this law, and as returned to the United States Treasury Department, is changed or corrected by the Internal Revenue Service, such taxpayer, within one (1) year after final determination of the corrected net income, shall file an amended return reporting the corrected net income, or notify the Tax Commission by letter that the information is available, and the Tax Commission shall make assessment or refund based thereon within two (2) years from the date the return or notice required by this section is filed and not thereafter, unless a waiver is agreed to and signed by the Tax Commission and the taxpayer.

> 3. In the event of failure by a taxpayer to comply with the provisions of paragraph 2 of this subsection, the statute of limitations shall be tolled for a period of time equal to the time between the date the return or notice under this section is required until such return or notice is actually furnished.

¶ 6 In the briefs ordered by this Court, O'Carroll contends that § 2375(H) must be read as a narrow exception to 68 O.S.1991, § 223.[3] He urges that § 2375(H) is applicable only when the taxpayer and the IRS have agreed to extend the federal assessment period. Hence, he argues that paragraph (2) does not require the filing of an amended Oklahoma income tax return unless, pursuant paragraph (1), the taxpayer and the IRS have executed a consent to extend the federal assessment period prior to the expiration of the three-year assessment period in 68 O.S.1991, § 223.

---

**2.** Section 2375 has been amended several times since the filing of the original 1984 and 1987 state income tax reports. The 1991 version was in effect at the time the federal adjustments were finally determined for 1984 tax year and the 1992 version was in effect when the 1987 tax was finally determined. In light of our conclusion that there have been no substantial changes to the filing provisions in § 2375(H)(1), (2), and (3), formerly § 2375(G), we reference the 1991 codification.

**3.** The pertinent provisions of § 223(a) provide that "No assessment of any tax levied under the

provisions of any state tax law except as provided in the following paragraphs of this Section, shall be made after the expiration of three (3) years from the date the return was required to be filed or the date the return was filed, whichever period expires later...." Subsection 223(b) provides an exception to subsection 223(a) where, before the expiration of the three-year period, the taxpayer and the OTC have executed a written agreement to extend the time for assessment. The pertinent provisions of § 223 were not changed by the recent amendment in 1996 Okla. Sess.Laws, ch. 34, § 1.

■ ¶ 7 We agree with O'Carroll that § 2375(H) expressly creates an exception to the three-year assessment and refund limitation generally applicable to any state tax. 68 O.S.1991, §§ 223[4] and 227.[5] The exception is obvious from a plain reading[6]—state income tax may be assessed or refunded within the time limitations specified in the first three paragraphs in § 2375(H) after the federal income tax liability has been finally determined.

■ ¶ 8 Paragraph (1) recognizes the federal procedure for extending the assessment time and authorizes assessment or refund of state income tax during the extended time. Paragraph (1) also authorizes assessment or refund of state income tax during the additional time specified in paragraph (2).[7] Paragraph (2) recognizes that the federal income tax returned by a taxpayer may be corrected or adjusted by the IRS and commands [8] a taxpayer to file an amended state return reporting the corrected federal net income or a letter advising that the information is available within one year and further commands [9] assessment or refund based thereon within two years from the date the return or notice required by this section is filed. Although paragraph (2) allows the taxpayer and OTC to waive the two-year assessment or refund period, we find no indication that paragraph (2) is restricted to taxpayers who have extended the federal assessment period. Likewise, paragraph (3), which tolls the two-year assessment or refund time when the taxpayer fails to file the required amended return or notice letter, is not restricted to the situation in paragraph (1).

■ ¶ 9 In support of his narrow reading, O'Carroll relies on *Fort Howard Paper Co. v. State, ex rel. Oklahoma Tax Commission,*[10] for the proposition that the individual paragraphs of § 2375(G),[11] now § 2375(H),

---

4. Section 223 was enacted in the Uniform Tax Procedure Code, 1965 Okla.Sess.Laws, ch. 414, most recently codified at 68 O.S.1991, §§ 201 et seq. As expressed in § 201, the purpose of the Uniform Tax Procedures Code is to provide uniform procedures for all state taxes. However, § 201 also provides that the Uniform Tax Procedures Code shall control and be exclusive unless otherwise expressly provided in any state tax law.

5. Also enacted in the Uniform Tax Procedure Code, note 4 supra, § 227 expressly provides that the statute does not apply to refunds of income tax payable out of the income tax adjustment fund.

6. Where the language of a tax statute is plain and there are no inconsistent provisions, ambiguities, nor uncertainties, rules of construction will not be applied. *Cities Service Oil Co. v. Oklahoma Tax Commission,* 191 Okla. 303, 129 P.2d 597 (1942).

7. In the context of § 2375(H), "hereinbelow" is locative adverb referring to paragraph (2). *Sharp v. Tulsa County Election Board,* 890 P.2d 836 (Okla.1994).

8. The language "shall file an amended return reporting the corrected net income, or notify the Tax Commission by letter" is a mandatory command to the taxpayer. *State, ex rel. Macy v. Freeman,* 814 P.2d 147 (Okla.1991).

9. The language "shall make assessment or refund based thereon" imposes a mandatory duty upon the OTC. *State, ex. rel. Macy v. Freeman,* supra.

10. 1989 OK CIV APP 101, 792 P.2d 87. The issue presented in *Fort Howard Paper Co. v. Oklahoma Tax Commission,* concerned the timeliness of the OTC assessment. The pertinent facts were that the taxpayer filed its federal and state 1977 corporate returns in April, 1978. Within three years of the filing, in March, 1981, the IRS issued a notice of deficiency. Federal tax liability was finally determined by order of the United States Tax Court on October 20, 1983. Notice of the finally determined federal adjustment was sent to the OTC on April 18, 1984, and the OTC assessed additional taxes on April 5, 1985. The Court of Civil Appeals concluded that § 2375(G) is applicable only when the taxpayer and IRS have agreed to extend the assessment time and held the state assessment was untimely.

11. In the original Oklahoma Income Tax Act, § 2375(G) provided the additional assessment period, as follows:

G. Where, before the expiration of the time prescribed in Section 223 of the Uniform Tax Procedure Code for the assessment of the tax, the taxpayer and the Internal Revenue Service have consented in writing to an extension of time in which the federal income tax may be assessed, the tax imposed under this law may be assessed, or refunded, at any time prior to the expiration of time agreed upon, with such additional time added as specified hereinbelow.

If the amount of the net income for any year of the taxpayer under this law, and as returned to the United States Treasury Department, is changed or corrected by the Internal Revenue Service, such taxpayer, within one (1) year

cannot be split into three separate, unrelated laws.[12] Reading § 2375(H)(1) and (2) so as to include all taxpayers whose federal returns have been lawfully adjusted or corrected by the IRS does not create unrelated fragments. It preserves the uniformity in the levy in the Oklahoma Income Tax Act[13] by reference to federal income tax, and uniformity in the application of the procedure for assessment or refund of state income tax based upon adjustment or correction of the federal return,[14] consistent with our recent opinion in *In re Holt*.[15]

¶ 10 The question certified in *Holt* was whether 68 O.S.Supp.1994, § 2375(H)(5) barred a refund where the taxpayer did not execute an extension with the OTC or IRS. The taxpayer in *Holt* suffered a $2 million theft loss in 1987 and IRS denied the claimed loss deduction. Holt filed bankruptcy and the loss deduction was upheld in an adversary proceeding before the bankruptcy court. The tax judgment became final on October 12, 1994, and, on October 24, 1994, the taxpayer filed amended state income tax reports for tax years 1984 through 1987, claiming a refund based upon the reduction in net income due to the finally ascertained federal loss deduction.

¶ 11 Because calculation of Oklahoma income tax is based upon federal adjusted gross income and federal taxable income as finally ascertained under the Internal Revenue Code,[16] *Holt* determined that § 2375(H) excepts the assessment or refund of state income tax from the three-year statute of limitation in § 223 whenever the taxpayer's federal income tax is in dispute.[17] *Holt* then concluded that paragraphs (1), (2), and (3) of subsection (H) of § 2375 deal with extensions of the time limitation in § 223; (H)(2) concerns claims for deficiencies by the state and claims for refunds by the taxpayer; and, (H)(4) and (5), added in 1993, deal with OTC audits for allocation or apportionment among taxing jurisdictions of finally ascertained federal adjusted gross income or taxable income. *Holt* answered that § 2375(H)(2) permits the filing of an amended return within one year after the final determination by the IRS and the refunding of state income tax thereupon, even though the taxpayer did not execute an extension of the limitation period with either the IRS or the OTC and the tax years were not the subject of a closing, settlement or resolution agreement.

¶ 12 Section 2375(H) was amended in 1992[18] and again in 1993.[19] OTC urges that

after final determination of the corrected net income, shall file an amended return reporting the corrected net income, or notify the Tax Commission by letter that the information is available, and the Tax Commission shall make assessment or refund based thereon within one (1) year from the date the return or notice required by this section is filed and not thereafter, unless a waiver is agreed to and signed by the Tax Commission and the taxpayer.

In the event of failure by a taxpayer to comply with the provisions of this section, the statute of limitations shall be tolled for a period of time equal to the time between the date the return or notice under this section is required until such return or notice is actually furnished.

12. *Fort Howard Paper Co. v. Oklahoma Tax Commission*, 1989 OK CIV APP 101, at ¶ 15, 792 P.2d at 90.

13. The Oklahoma Income Tax Act, 68 O.S.1991, §§ 2351, et seq., was originally enacted in 1971 Okla.Sess.Laws, ch. 137, pursuant to Okla. Const., art. 10, § 12, as amended by State Question No. 444, Legislative Referendum No. 160, approved by the voters on August 26, 1968, which authorized the levy of a state income tax based on the federal income tax.

14. Tax statute must be applied uniformly upon all taxpayers similarly situated. *Magnolia Pipe Line Co. v. Oklahoma Tax Commission*, 196 Okla. 633, 167 P.2d 884 (1946).

15. 1997 OK 12, 932 P.2d 1130.

16. 68 O.S.1981, § 2353(11), (12), and (13), recodified at 68 O.S.1991, § 2353(11), (12), and (13), and unaffected by 1994 Okla.Sess.Laws, ch. 278, § 24, and 1996 Okla.Sess.Laws, ch. 360, § 3. *Dugger v. State, ex rel. Oklahoma Tax Commission*, 1992 OK 105, 834 P.2d 964, 966.

17. *Holt*, 1997 OK 12, ¶ 29, 932 P.2d at 1136.

18. 1992 Okla.Sess.Laws, ch. 172, § 2, adding language to § 2375(H)(2) that assessment or refund may be made after the expiration of the three-year limitation in § 223 is the amount of the net income in the federal return is adjusted or corrected by the IRS.

19. 1993 Okla.Sess.Laws, ch. 273, § 7, rewriting § 2375(H)(1) to expressly provide that the three-year limitation in § 223 is tolled and extended until the amount of federal taxable income has been finally determined; and, adding paragraphs (4) and (5), which are not pertinent herein.

the 1992 and 1993 amendments to § 2375(H)(1), (2), and (3) were a clarification of existing law in response to the erroneous *Fort Howard Paper Co.* decision, while O'Carroll contends that the amendments were a substantive change. The reading of § 2375(H) in *Fort Howard Paper Co.* creates a subclass of taxpayers whose federal return has been adjusted or corrected, allowing assessment or refund of state income tax only to those taxpayers who agreed that the IRS may issue assessments outside the federal limitation. Such a reading raises serious doubt as to the meaning of the filing requirement in § 2375(H)(2) and permits a presumption that the subsequent amendments were intended to clarify, rather than alter, the prior law.[20]

¶ 13 In *Holt*, noting the 1992 amendments to § 2375(H)(2), we said:[21]

Prior to the 1993 amendment, it was clear that where the taxpayer's net income for any year was changed or corrected, the limitation period was extended until the final determination by the IRS of a taxpayer's federal tax liability under the Internal Revenue code for said year.

And, in resolving the ambiguity created by the limitation period for audits in § 2375(H)(5), added by the 1994 amendments, *Holt* said:[22]

But, prior to the 1993 amendment, there was no requirement that an extension to the statute of limitations be executed where the federal income tax was not finally determined....

It seems clear that the original intent of Section 2375 of Title 68 was to permit the Oklahoma Tax Commission to assess additional taxes at anytime the IRS did so, regardless of the three-year statute of limitations at 68 O.S.1991 § 223. It seems clear also that the legislature intended to keep open the limitation period where the taxpayer's federal return was in dispute. Because the state tax "piggy-backs" on the federal return, any eventual change in the federal return would affect the state tax,

resulting either in deficiencies or refunds. See, *Dugger v. State ex rel. Oklahoma Tax Commission*, 834 P.2d 964, 966 (Okla. 1992).

We believe that the legislature intended subsection (H)(2) to apply independently of subsection (H)(5). To apply subsection (H)(5) as an additional restriction upon subsection (H)(2) would defeat legislative intent expressed in the section as a whole. The first three paragraphs of subsection (H) deal with extensions of the limitations period. After reading and considering the separate sections, and the statute as a whole, we conclude that subsection (H)(2) refers to claims for deficiencies by the state and claims for refunds by the taxpayer. We resolve the statutory ambiguity in favor of the taxpayer. The taxpayer's right to a refund in this case depended upon filing the amended return within one year of the IRS' final determination, which was done in this case.

¶ 14 The exposition of the law in the *Fort Howard Paper Co* decision is incorrect. Any part of the Court of Civil Appeals opinion in *Fort Howard Paper Co. v. Oklahoma Tax Commission*, 1989 OK CIV APP 101, 792 P.2d 87, that is inconsistent with our opinion in *In re Holt*, 1997 OK 12, 932 P.2d 1130 is hereby overruled.

¶ 15 Guided by our reasoning in *Holt*, (H)(1) provides an exception to § 223 whenever a taxpayer executes an extension with IRS for assessment of federal taxes and (H)(2) provides an exception to § 223 whenever the federal taxable income is finally determined outside the three-year limitation. Accordingly, we conclude that the filing duty imposed in § 2375(H)(2) arises whether the federal adjustment or correction has been made pursuant to an agreement to extend the federal assessment period, as recognized in § 2375(H)(1), or pursuant to a procedure initiated within the federal assessment period, as recognized in § 2375(H)(2).

**CERTIFIED QUESTION ANSWERED.**

---

20. *Quail Creek Golf and Country Club v. Oklahoma Tax Commission*, 1996 OK 35, 913 P.2d 302.

21. *Holt*, 1997 OK 12, ¶ 18, 932 P.2d at 1133.

22. *Holt*, 1997 OK 12, ¶ 22, ¶ 28, and ¶ 29, 932 P.2d at 1134 and 1136.

KAUGER, C.J., and HODGES, LAVENDER, SIMMS, OPALA and WATT, JJ., concur.

HARGRAVE, J., concurs in part and dissents in part.

SUMMERS, V.C.J., not participating.

