1999 OK CIV APP 82

**Lois COMERFORD, Petitioner,**

v.

**PRYOR FOUNDRY, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 91,808.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 28, 1999.

John L. Harlan, John L. Harlan & Associates, P.C., Sapulpa, Oklahoma, For Petitioner.

Darrell L. Moore, Pryor, Oklahoma, For Respondents.

## OPINION

ADAMS, Judge:

¶ 1 This appeal presents two questions: (1) whether the Special Indemnity Fund tax imposed by 85 O.S.Supp.1993 § 173(C) on awards for permanent total disability (PTD) is to be deducted from PTD awards revived pursuant to 85 O.S.Supp.1994 § 48(2), and, if so, (2) whether that tax can be increased from 3%, the rate ordered by the original PTD award, to 5%, the rate currently provided by § 173(C).

¶ 2 Petitioner Lois Comerford (Spouse) is the dependent widow of Claimant Gerald Comerford, deceased. On November 14, 1994, the Workers' Compensation Court entered an order finding that Claimant had sustained a work-related back injury on February 9, 1990, awarded him PTD benefits, setting those benefits at $246 per week. In addition, the Court ordered that Claimant's attorney be paid $19,050 in a lump sum and set the recoupment of the fee at 10% of the weekly payments. By order *nunc pro tunc* filed November 29, 1994, the Court corrected

its previous order by adding two paragraphs including, *inter alia*, the payment of the Special Indemnity Fund tax at the rate of 3% by Claimant and 3% by Pryor Foundry. After all deductions from the $246 weekly benefits, Claimant was paid a net of $214.02 per week.

¶ 3 Claimant died from causes unrelated to his workers' compensation claim on May 3, 1997, but Pryor Foundry continued to pay his weekly checks until June 1, 1997. Spouse moved to revive Claimant's permanent total disability award pursuant to § 48(2). The Workers' Compensation Court entered an order filed August 7, 1998, that (1) sustained Spouse's motion, (2) set the benefit at $50 per week, the maximum amount allowed by § 48(2), (3) commuted the amount of weekly benefits due from June 1, 1997 through August 7, 1998, to a lump sum of $3,075, (4) increased the Special Indemnity Fund tax payable by both parties from 3% to 5 %, and (5) made findings, in paragraphs 2 and 7, respectively, that Claimant had died on May 7, 1997, and that Pryor Foundry was entitled "to a credit for payment of benefits from May 7, 1997 to June 1, 1997, a period of 3 weeks and 4 days, in the amount of $902.00 to be deducted from the accrued portion herein." By order *nunc pro tunc* filed August 24, 1998, the Court vacated paragraphs 2 and 7, entering in lieu thereof two paragraphs correcting Claimant's date of death to May 3, 1997, and Pryor Foundry's credit for payment of benefits "from May 3, 1997 to June 1, 1997, a period of 4 weeks and 1 day, in the amount of $1,025.00 to be deducted from the accrued portion herein." The court further ordered that all other provisions of its August 7, 1998 order remain in full force and effect.

¶ 4 In this review proceeding, Spouse argues that the Special Indemnity Fund tax should not be deducted from her benefits because § 173(C) applies to awards for permanent partial disability (PPD) and PTD only and § 48(2) does not provide for payment of that tax. However, her interpretation of these statutes fails to consider the rules of statutory construction that statutes should be construed together, *Chamberlain v. American Airlines*, 1987 OK 62, 740 P.2d 717, and that our primary goal is to ascertain

legislative intent, not from individual provisions, but from the whole act in light of the general purpose and objective, *City of Bethany v. Public Employees Relations Board of the State of Oklahoma,* 1995 OK 99, 904 P.2d 604. If the language is plain and clearly expresses legislative will, such language will be followed without further inquiry. *State ex rel. Department of Public Safety v.1985 GMC Pickup,* 1995 OK 75, 898 P.2d 1280.

¶5 Since 1978, the Legislature has made no changes to § 48(2), which provides:

> If claimant has been adjudged a permanent totally disabled person prior to his death, and such death has resulted from causes other than his accidental personal injury or occupational disease causing such total permanent disability, *the award* may be revived and made payable to the following persons ... (Emphasis added).

We must agree that there is no language within § 48(2), or any other provision of § 48, *expressly* providing for deduction of the Special Indemnity Fund tax from its benefits. However, considering the word "revive" means "to renew" or "to make active, operative or valid," *Webster's Third New International Dictionary,* the phrase, "the award" which may be renewed, can only refer to a claimant's *previously adjudicated* PTD award. Thus, the unambiguous language of § 48(2) makes it clear that the benefits payable pursuant thereto have no independent basis, *i.e.,* they are completely dependent upon a PTD award.

¶6 As Spouse points out, § 173(C) applies to PTD and PPD awards. The pertinent part of that section currently provides:

> Where an award has been made by the Court, or any payments in lieu thereof, for compensable injury for a *permanent total disability* or a *permanent partial disability,* an employer or insurance carrier *shall pay* to such employee ninety-five (95%) of the same and the remaining five percent (5%) thereof shall be paid by such employer to the Oklahoma Tax Commission. (Emphasis added.)

In *Special Indemnity Fund v. Weber,* 1995 OK 43, 895 P.2d 292, the Oklahoma Supreme Court determined that the contributions to the Special Indemnity Fund required by § 173 constitute a tax imposed against the successful workers' compensation claimant and the insurer for the claimant's employer. As with all statutes, the primary consideration in considering tax statutes is that legislative intent be ascertained and given effect. *In re Holt,* 1997 OK 12, 932 P.2d 1130. The Legislature will not be presumed to have intended an absurd result. *TXO Production Corp. v. Oklahoma Corporation Commission,* 1992 OK 39, 829 P.2d 964. Where the language of a tax statute is plain and there are no inconsistent provisions, ambiguities, or uncertainties, the rules of construction will not be applied. *In re O'Carroll,* 1998 OK 6, 952 P.2d 45.

¶7 Use of the word "shall" by the Legislature is normally considered a legislative mandate equivalent to the term "must," requiring interpretation as a command. *U.S. Through Farmers Home Administration v. Hobbs,* 1996 OK 77, 921 P.2d 338. Considering the plain language of § 173(C), the only reasonable interpretation is that the Legislature intended the Special Indemnity Fund tax to be deducted from *every* award "for compensable injury for a permanent total disability or a permanent partial disability." Spouse's argument would require us to read into the statute an exception for the deduction of the tax from a revived PTD award which the legislative body did not make. We may not do so. *Sharp v. Tulsa County Election Board,* 1994 OK 104, 890 P.2d 836. The trial court's deduction of the tax from Spouse's § 48(2) benefits is sustained.

¶8 However, we agree with Spouse's argument that the trial court erred when it increased the rate of the Special Indemnity Fund tax to 5%. Citing *Special Indemnity Fund v. Cole,* 1992 OK 104, 834 P.2d 959, she contends the 3% rate set by the trial court in its November 14, 1994 order can not be changed by a subsequent order based on the "law of the case." We agree.

¶9 A Workers' Compensation Court's award becomes "final and conclusive" unless (1) within 10 days from the time the order is sent, the aggrieved party appeals to the three-judge review panel of the Workers' Compensation Court; (2) within 20 days after a copy of the order is sent, the aggrieved party appeals to this Court; or (3) within 20

days after a copy of the order is sent, the Workers' Compensation Court vacates the order after notice and a hearing. Neither party denies the November 14, 1994 order is a final order. As Pryor Foundry points out, since that order became final, the Oklahoma Supreme Court held in *Special Indemnity Fund v. Weber*, 1995 OK 43, 895 P.2d 292, that the Special Indemnity Fund tax is to be measured by the rate in effect at the time the Workers' Compensation Court makes and enters its award of permanent disability benefits, not the tax rate in effect on the date of the compensable injury. Though the 3% rate was the rate in effect at the time of injury and not at the time of the November 14, 1994 order, that order is final.

¶10 The Supreme Court has held that "[t]he power to adjudicate includes the power to do so wrongly, and an erroneous decision, until it is set aside or corrected in a manner authorized by law, is as binding as a correct ruling." *Ferguson v. Ferguson Motor Company*, 1988 OK 137, 766 P.2d 335. Spouse's benefit is not a new award, as Pryor Foundry has successfully argued, but is a continuation of the award to Claimant which was subjected the tax at 3%. The part of the trial court order ordering the Special Indemnity Fund tax to be increased is vacated.

¶11 Finally, Spouse argues the trial court erred in calculating the overpayment credit based upon the gross amount of the benefit rather than the net benefit actually paid to her. Pryor Foundry confesses error in this regard.

¶12 The order of the Workers' Compensation Court is sustained insofar as it subjects Spouse's benefits to the Special Indemnity Fund tax. In all other respects, it is vacated, and the case is remanded to the Workers' Compensation Court for entry of an order subjecting Spouse's benefits to the tax at 3% and for calculation of the overpayment credit to Pryor Foundry based upon the net benefits received after Claimant's death.

SUSTAINED IN PART, VACATED IN PART AND REMANDED.

HANSEN, P.J., and JONES, C.J., concur.