Dear Representative Thornbrugh,
¶ 0 This office has received your request for an Attorney General's Opinion on the following questions:
1. What is a "contract for consultant services" as that phraseis used in 70 O.S. 6-101.2 (C) (1998)?
 2. Is Section 70 O.S. 6-101.2(C) meant to apply only toformer administrators, as encompassed in the rest of Section 70O.S. 6-101.2, or does it apply to all employees of thedistrict, including teachers?
 3. Does Section 70 O.S. 6-101.2(C) prohibit a board ofeducation from employing a person who is also employed as aconsultant for compensation for a company that does not dobusiness with the employing school district?
 4. Does Section 70 O.S. 6-101.2(C) prohibit a board ofeducation from employing a person who is also under contract forcompensation with a company to present workshops in the area ofthe person's expertise at locations other than the schooldistrict that employs the person?
 5. Does Section 70 O.S. 6-101.2(C) prohibit a board ofeducation from employing a person who is also under contract forcompensation with a company to present workshops in the area ofthe person's expertise at locations, including the employingschool district, which pays the company for the workshops?
 6. Does Section 70 O.S. 6-101.2(C) prohibit a board ofeducation from employing a person on a 180 day continuingcontract basis who is also employed as a consultant with acompany in the summer for services that are totally unrelated tothe education field?
¶ 1 Your questions relate to the interpretation of Section 70O.S. 6-101.2(C), which provides as follows:
 No local board of education, administration of a school district or State Board of Education may enter into a contract with a natural person who will be employed for any period of time during which there is in force and effect a contract for consultant services to be performed by that person or by a business entity, regardless of form, from which the person employed is authorized to derive any economic benefit, whether direct or indirect.
70 O.S. 6-101.2(C) (1998) (emphasis added).
¶ 2 Section 70 O.S. 6-101.2(C) prohibits school boards from entering into an employment contract with a person who will be employed during a period in which such person is either performing or deriving any economic benefit from a "contract for consultant services." "Contract for consultant services" is not defined in the statute. In the absence of a statutory definition, words used in any statute are to be understood in their ordinary sense. See 25 O.S. 1 (1991). A "consultant" is defined as "an expert who is called on for professional or technical advice or opinions." WEBSTER'S NEW WORLD COLLEGE DICTIONARY 299 (3d ed. 1997). A "contract for consultant services" is an agreement pursuant to which an expert in a given area provides professional or technical advice.
¶ 3 Your second question is whether Section 70 O.S.6-101.2(C) applies solely to former administrators, as in other subsections of Section 70 O.S. 6-101.2, or to all employees of the district, including teachers. Section 70 O.S. 6-101.2(A) prohibits a school board from contracting for consultant services with a retired administrator for two years after the retirement date of the administrator.[1] Section 70 O.S. 6-101.2(B) specifies certain items required to be included in any contract for consultant services as authorized by subsection A.[2]
Section 70 O.S. 6-101.2(C) is not limited to former administrators, but rather applies to "a natural person who will be employed for any period of time during which there is in force and effect a contract for consultant services. . . ." 70O.S. 6-101.2(C) (1998) (emphasis added). Where the intent of the Legislature is clear from the statutory language, it is unnecessary to resort to statutory construction. See In reEstate of Flowers, 848 P.2d 1146, 1151 (Okla. 1993). Section 70O.S. 6-101.2(C) applies by its express terms to all employees of the district, including teachers.
¶ 4 Your remaining questions focus on the application of Section 6-101.2(C) under four different scenarios. Their resolution depends on whether this section prohibits a school board from hiring an individual either (1) where the prospective school employee is performing or deriving an economic benefit from any consultant contract, or (2) only where the prospective school employee is performing or deriving an economic benefit from a consultant contract with the school board. Because Section 6-101.2(C) is susceptible to more than one interpretation as to the scope of the prohibition, it is necessary to resort to the rules of statutory construction to answer your remaining questions.
¶ 5 The primary goal of statutory construction is to determine the intent of the Legislature, which may be ascertained from the statute "in light of its general purpose and object." City ofBethany v. Public Employees Relations Bd., 904 P.2d 604, 609
(Okla. 1995). "If any section or part of the Oklahoma School Code [70 O.S. 1-101 through 70 O.S. 1-121 (1991)] is found to be ambiguous . . . such section shall be liberally construed to the extent that the general purpose of the entire Code and of public education may be advanced." 70 O.S. 1-103 (1991).
¶ 6 If one section of a statue is susceptible of more than one interpretation, the entire statute must be read as a whole, and the meaning given to one section should be determined by considering the other sections. See In re Holt, 932 P.2d 1130,1135 (Okla. 1997). Section 70 O.S. 6-101.2(C) must be interpreted within the context of the School Code in general and Section 70 O.S. 6-101.2 in particular. Subsection (A) of Section 70 O.S. 6-101.2 prohibits a local board of education or administration of a school district or the State Board of Education from entering "into a contract for consultant services with any person who has retired as an administrator with any school district for two (2) years after the retirement date of such administrator." In 1995, the Legislature amended Section 70O.S. 6-101.2 by adding subsections (B) and (C). 1995 Okla. Sess. Laws ch. 295.
¶ 7 Subsection (B) specifies certain items required to be included in any contract for consultant services between a consultant and a school board as authorized by subsection A.See footnote 2. For example, this subsection requires a consultant contract with a school board to include a list of duties to be performed, a stated purpose and need for the services, and a provision requiring the consultant to provide the office space, supplies and personnel required to perform the contract. Subsection (C) prohibits a school board from entering into an employment contract with a person who will be employed during any period in which the person is also under a contract for consultant services. The prohibition applies whether the consultant contract is directly with the individual or with a business entity by which the individual is employed.
¶ 8 Both Subsections (A) and (B) place restrictions and limitations on contracts between consultants and school boards. Subsection (C) must be interpreted within this context. Words and phrases of a statute must be interpreted in light of their context and understood in a sense which best harmonizes with all other parts of the statute. See In re Estate of Little Bear,909 P.2d 42, 50 (Okla. 1995). A statute should be given a sensible construction bearing in mind the evils intended to be avoided. See AMF Tubescope Co. v. Hatchel, 547 P.2d 374, 379
(Okla. 1976). In light of the Legislature's apparent concern that school boards may be abusing the use of consultant contracts, as evidenced in Subsections (A) and (B), the intent of Subsection (C) is to prohibit a school board from employing a person during a period in which such person is also under a contract for consultant services to the school district.
¶ 9 The alternative interpretation, i.e. prohibiting a school board from employing an individual who is under any contract for consultant services during the same time frame, irrespective of who the other party to the contract is, leads to an absurd and constitutionally suspect result. "The [l]egislature will not be presumed to have intended an absurd result." TXO Prod. Corp. v.Oklahoma Corp. Comm., 829 P.2d 964, 969 (Okla. 1992). Where there are two possible interpretations of a statute, one that would render the statute valid, and another that would subject it to grave doubts on constitutional grounds, the construction that will render the statute valid must be adopted. See AssociatedIndus. of Oklahoma v. Industrial Welfare Comm'n., 90 P.2d 899,903 (Okla. 1939).
¶ 10 A State statute restricting outside employment by teachers and school personnel is constitutional if the restriction is rationally related to a legitimate state interest. See OklahomaEduc. Ass'n v. Alcoholic Beverage Laws Enforcement Comm'n.,889 F.2d 929, 932 (10th Cir. 1989). In upholding a state statute prohibiting state employees from outside employment in the alcoholic beverage industry against an equal protection challenge, the court found that the statute was rationally related to the state's declared purposes for the prohibition.See id at 933. A literal interpretation of Section 70 O.S.6-101.2(C) would preclude any outside employment by a school district employee or State Board of Education employee as a consultant under any circumstances while leaving open other forms of outside employment. For example, under this interpretation a teacher could hold any second job during the summer months or during the school year outside of school hours except one as a consultant, whether or not the consultant services had any relationship to the school district or to the teacher's duties. There is no readily apparent rational relationship to a legitimate state interest to justify this interpretation.
¶ 11 The problems or abuses in consultant contracts addressed in Section 6-101.2(A) and (B) are those involving consultant contracts between school boards and consultants. Subsection (A) prohibits such contracts between school boards and retired administrators within two years of retirement and Subsection (B) prohibits school boards from entering into consultant contracts that do not include the specified safeguards. Therefore, it follows that "contract for consultant services" as used in Subsection (C) refers back to the contracts described in Subsection (B) (consultant contracts entered into by school boards), and that the Legislature intended the hiring prohibition in subsection (C) to apply to an individual working under a consultant contract with the employing school district, not to an individual who may be a consultant to any entity whatsoever. This interpretation flows logically from the context of the other two subsections of the statute and avoids a potentially absurd or unconstitutional construction.
¶ 12 In light of the previous discussion, the answer to your third question is that Section 70 O.S. 6-101.2(C) does not prohibit a board of education from employing a person who is also employed as a consultant for compensation for a company that does not do business with the employing school district. If the company does not have a contract with the employing school district, the board may hire an individual who is employed as a consultant for such company. Likewise, as to question four, Section 70 O.S. 6-101.2(C) does not prohibit a board of education from employing a person who is also under contract for compensation with a company to present workshops in the area of the person's expertise at locations other than the school district that employs the person as long as the workshops are not presented pursuant to a contract with the subject school board. Section 70 O.S. 6-101.2(C) addresses employment by a school board of an individual in two capacities, one as an employee and one as a consultant, either directly or indirectly. It does not prohibit a school board from employing an individual who acts as a consultant for a company that does not have a contract with the employing school district to provide workshops or any other services. As in any other case of secondary employment, there may be other issues, such as conflict of interest or impairment of job performance, both of which are questions of fact outside the scope of this Opinion.[3]
¶ 13 In answer to your fifth question, Section 6-101.2(C) does prohibit a board of education from employing a person who is also under contract for compensation with a company to present workshops in the area of the person's expertise at locations, including the employing school district, which pays the company for the workshops. If a school district has a consultant contract with a company to present workshops, then the school board could not employ an individual working for such company. Section 70O.S. 6-101.2(C) expressly prohibits a board of education from employing an individual who is also employed under a contract for consultant services "to be performed by that person or by a business entity . . . from which the person employed is authorized to derive any economic benefit, whether direct or indirect."
¶ 14 Your sixth question is whether Section 6-101.2(C) prohibits a board of education from employing a person on a "180-day continuing contract basis" who is also employed as a consultant with a company in the summer for services that are totally unrelated to the education field. This question concerns, in part, whether the prohibition applies where the employee is under contract for a ten-month school year (180 days of instruction) and the consultant services take place in the summer months. Although the school year typically covers 180 days instruction over a ten-month period, teachers' contracts cover an entire fiscal year.
¶ 15 Employment on a "continuing contract basis" is addressed in Section 70 O.S. 6-101(E), which provides as follows:
 If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified the teacher in writing . . . [of] a recommendation . . . not to reemploy the teacher for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing . . . that such teacher does not desire to be re-employed . . . for the ensuing year, such teacher shall be considered as employed on a continuing contract basis[.]
70 O.S. 6-101(E) (1991) (emphasis added).
¶ 16 Although the school year consists of ten months with a minimum 180 days of instruction (70 O.S. 1-109 (1998)), the contract period for a teacher is twelve months beginning July 1, and ending June 30. A.G. Op. 83-253/71-360, citing Section 70O.S. 6-101(E) ("a board of education shall have authority to enter into written contracts with teachers for the ensuing fiscal yearn) and OKLA. CONST. Article X, Section 1 ("the fiscal year shall commence on the first day of July in each year"). Section70 O.S. 6-101.2(C) prohibits a board from contracting with an individual "who will be employed for any period of time during which there is in force and effect a contract for consultant services to be performed by that person. . . ." As the contract period for a teacher runs from July 1 through June 30, a school board may employ a teacher on a continuing contract basis only if the company for which the prospective teacher serves as a consultant during the summer does not have a contract with the school district. There is no language in the statute which limits its application to consultant contracts related to education.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A "contract for consultant services" is an agreement by aconsultant, an expert in a given area, to provide professional ortechnical services.
 2. Section 70 O.S. 6-101.2(C) applies to all employees ofthe school district, including teachers.
 3. Section 70 O.S. 6-101.2(C) does not prohibit a board ofeducation from employing a person who is also employed as aconsultant for compensation for a company that does not dobusiness with the employing school district. Section 70 O.S.6-101.2(C) prohibits a board from employing an individual whois also under contract with the school district as a consultant,whether the consultant contract is with the individual or with acompany that employs the individual.
 4. Section 70 O.S. 6-101.2(C) does not prohibit a board ofeducation from employing a person who is also under contract forcompensation with a company to present workshops in the area ofthe person's expertise at locations other than the schooldistrict that employs the person, if the employing schooldistrict is not a party to the contract for the workshoppresentations.
 5. Section 70 O.S. 6-101.2(C) prohibits a board ofeducation from employing a person who is also under contract forcompensation with a company to present workshops in the area ofthe person's expertise at locations, including the employingschool district, which pays the company for the workshops,because, in that instance, the prospective employee is receivingbenefits under a consultant contract with the employing schoolboard.
 6. Section 70 O.S. 6-101.2(C) does not prohibit a board ofeducation from employing a person on a 180-day continuingcontract basis who is also employed as a consultant with acompany in the summer for services that are totally unrelated tothe education field, unless such company has a contract with theschool district. If the company has a contract with the schooldistrict, the board of education could not employ the individualwho is a consultant with such company on a continuing contractbasis because the contract period for a teacher runs from July 1through June 30, which would necessary overlap with theemployee's summer consultant employment. The statute applieswhether or not the services are related to the education field.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA KATHRYN BASS ASSISTANT ATTORNEY GENERAL
[1] Subsection (A) states:
 No local board of education or administration of a school district or State Board of Education shall enter into a contract for consultant services with any person who has retired as an administrator with any school district for two (2) years after the retirement date of such administrator. Nothing in this section shall prohibit a board of education from employing as a substitute teacher, a person who has retired as an administrator or teacher with a school district within two (2) years after the retirement date of the person. 70 O.S. 6-101.2(A) (1991).
[2] Subsection (B) states:
 In order for a local board of education, administration of a school district or the State Board of Education to enter into a contract with a person for consultant services as authorized by subsection A of this section, the contract shall contain:
 1. A specific list of duties to be performed by the person or by any business entity, regardless of form, from which the person who actually performs the services is authorized to derive any economic benefit, whether direct or indirect;
 2. A stated purpose for the contract and the specifically identified need for the services to be performed;
 3. An estimate of the duration of the contract, including anticipated periods during which the contract may be renewed;
 4. A requirement that the person or business entity performing the consultant service provide the office space, supplies, personnel and other items of expense required in order to perform the contract;
 5. A requirement that the person or business entity performing the consultant service provide a written description of services performed under the contract no less than one (1) time each quarter of the year during which the contract is in effect; and
 6. A specific identification of all persons who are authorized to perform obligations imposed pursuant to the contract upon behalf of the person or business entity providing consultant services.
[3] School district employees are governed by the conflict of interest provisions of the Political Subdivisions Ethics Act, 51O.S. 302(6) (1998), which prohibits financial or other interests, transactions or activities that are in substantial conflict with the proper discharge of duties in the public interest. State Board of Education employees are subject to Oklahoma Ethics Commission Rule 257:20-11(c)(2) ("no state officer or state employee shall accept or solicit other employment which would impair his or her independence of judgment in the performance of his or her public duties").