Dear District Hudson
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does Section 8 of Senate Bill 119 (2001 Okla. Sess. Lawsch. 249, § 8 (amending 47 O.S. 1991, § 14-113)), requirecounty authorities to find an immediate threat of serious harm ordestruction exists before weight restrictions can be imposed onmotor vehicles operating on highways, detours, and bridges underthe jurisdiction of the county authorities?
 2. Does Section 8 of Senate Bill 119 require countyauthorities to remove existing weight limit signs from countyroads?
¶ 1 The State's highways are divided into two classes: the state highway system and the county highway system. 69 O.S.Supp. 2000, § 501[69-501](A). The county highway system consists of all public roads within any county, less any roads the State Transportation Commission designates as State highways, and less any roads under the jurisdiction of cities, towns, or other political subdivisions. 69 O.S. Supp. 2000, § 601[69-601](A); 69 O.S.1991, § 601.2[69-601.2]. The boards of county commissioners of the various counties have exclusive jurisdiction over the designation, construction, maintenance and repair of all county highways and bridges. 69 O.S. Supp. 2000, § 601[69-601](A).
 I.
¶ 2 The Legislature has expressed its intent to provide boards of county commissioners sufficiently broad authority to function adequately and efficiently in all areas of appropriate jurisdiction, including "taking all necessary steps to ensure safe and convenient transportation." 69 O.S. 1991 § 101[69-101](g). Size, weight and load limits for motor vehicles operating on the state and county highway systems are statutorily established by47 O.S. 1991 Supp. 2000, §§ 14-101 through 14-121. Prior to Senate Bill ("S.B.") 119, Section 14-113 authorized county commissioners to impose weight restrictions on vehicles operating on highways, detours, and bridges under their jurisdiction. 47O.S. 1991, § 14-113[47-14-113]; see also A.G. Opin. 82-2 ("Section 14-113 . . . authorize[s] local authorities, including Boards of County Commissioners, to establish weight limits on highways or bridges under their jurisdiction, where by reason of `deterioration, rain, snow, or other climatic conditions, [the same] will be seriously damaged or destroyed unless the use of vehicles thereon is prohibited or the permissible weight reduced'"). Id. at 8 (citation omitted). In Section 8 of S.B. 119, Section 14-113 was amended to include, among other things, a stated legislative purpose in the statute. Section 8 of S.B. 119 provides as follows:
 The Director of the Department of Highways Transportation with respect to highways on the state highway system, or local authorities with respect to highways under their jurisdiction, as defined in Title 69 of the Oklahoma Statutes, may prohibit the operation of vehicles on any such highways, or impose restrictions as to the weights of vehicles to be operated upon any state or federal highway or any detour established for such highways, or for any bridge located upon such highways or detours, whenever any such highway, detour or bridge by reason of deterioration, rain, snow or other climatic conditions will be seriously damaged or destroyed unless the use of vehicles thereon is prohibited or the permissible weight reduced. Such restrictions shall be effective when signs giving notice thereof are erected upon the highway, detour, bridge, or portion thereof affected by such action, and the Department of Public Safety has been notified. The purpose of this provision with respect to local authorities is to give such authorities an opportunity to prevent or minimize an immediate threat of serious harm or destruction to any highway, detour or bridge under their jurisdiction due to rain, snow or other climatic conditions. Nothing stated herein shall be construed to grant local authorities the right to issue permits designed to regulate the use of overweight vehicles upon highways subject to their jurisdiction, and the issuance of such permits is expressly prohibited.
2001 Okla. Sess. Laws ch. 249, § 8 (amending 47 O.S. 1991, §14-113[47-14-113]). You first ask whether S.B. 119 restricts the authority of county officials to impose weight restrictions on highways, detours, and bridges within their jurisdiction. Specifically, does S.B. 119 require county authorities to find an immediate threat of serious harm or destruction exists before they can impose weight restrictions on motor vehicles operating on highways, detours, and bridges under their jurisdiction?
¶ 3 Senate Bill 119 did not change the language in 47 O.S.1991, § 14-113[47-14-113] which provides that local authorities may impose weight restrictions on vehicles operating on highways, detours, and bridges under their jurisdiction "whenever any such highway, detour or bridge by reason of deterioration, rain, snow or otherclimatic conditions will be seriously damaged or destroyed unless the use of vehicles thereon is prohibited or the permissible weight reduced." Id. (emphasis added). However, S.B. 119 added a stated legislative purpose to the provisions of Section 14-113 as follows: "The purpose of this provision with respect to local authorities is to give such authorities an opportunity to prevent or minimize an immediate threat of serious harm or destruction to any highway, detour or bridge under their jurisdiction due to rain, snow or other climatic conditions." 2001 Okla. Sess. Laws ch. 249, § 8 (amending 47 O.S. 1991, §14-113[47-14-113]) (emphasis added). This amendment creates an ambiguity in the statute because the added language stating the legislature's purpose does not include any reference to local authorities' power to impose weight restrictions to prevent deterioration of highways, detours, and bridges.
¶ 4 When a statute is ambiguous, resort must be made to established rules of statutory construction. The fundamental principle of statutory construction is to ascertain the underlying legislative intent through an examination of the statute's language. Sullivant v. Oklahoma City, 940 P.2d 220,224 (Okla. 1997). "Statutes must be read to render every part operative and to avoid rendering [any part] superfluous or useless." Comer v. Preferred Risk Mut. Ins. Co.,991 P.2d 1006, 1014 n. 35 (Okla. 1999) (citations omitted). Section 14-113 authorizes county officials to impose weight restrictions to prevent serious damage or destruction which may be caused by deterioration. However, in the language added to Section 14-113 by S.B. 119 the Legislature did not mention deterioration when stating that the purpose of the provision, with respect to local authorities, is to provide "an opportunity to prevent or minimize an immediate threat of serious harm or destruction . . . due to rain, snow, or other climatic conditions." To give effect to the entire statute, as amended, it must be construed to allow county authorities to impose weight limits on highways, detours, and bridges under their jurisdiction (i) to prevent serious damage or destruction which may be caused by deterioration, or (ii) to prevent or minimize an immediate threat of serious harm or destruction due to rain, snow, or other climatic condition. "The legislature will not be presumed to have intended an absurd result." In re Holt, 932 P.2d 1130, 1135 (Okla. 1997) (citation omitted). It would be an absurd result to construe S.B. 119's amendment of Section 14-113 to allow county authorities to impose weight restrictions only when an immediate threat of serious harm or destruction exists, in effect eliminating the longstanding authority of county officials to impose weight restrictions to prevent serious damage or destruction which may be caused by deterioration.
¶ 5 Section 8 of S.B. 119 requires local authorities to find an immediate threat of serious harm or destruction exists due to rain, snow, or other climatic conditions before weight restrictions can be imposed on motor vehicles operating on highways, detours, and bridges. However, Section 8 does not require local authorities to find an immediate threat of serious harm or destruction exists before weight limits can be imposed to prevent serious damage or destruction which may be caused by deterioration.
 II.
¶ 6 Your second question asks, does Section 8 of S.B. 119 require counties to remove existing weight limit signs from county roads?
¶ 7 Section 14-113 permits local authorities to impose weight restrictions on vehicles whenever (i) deterioration will cause serious damage or destruction to highways, detours, or bridges under their jurisdiction unless the permissible weights of vehicles are reduced; or (ii) necessary to prevent or minimize an immediate threat of serious harm or destruction to any highway, detour, or bridge due to rain, snow or other climatic conditions. Whether deterioration will cause serious damage or destruction to highways, detours, or bridges if permissible weights are not reduced is a factual question. Whether existing posted weight restrictions are necessary to prevent or minimize an immediate threat of serious harm or destruction to a highway, detour or bridge due to rain, snow or other climatic conditions is also a factual question. The Attorney General is authorized to issue opinions on matters of law. 74 O.S. Supp. 2000, § 18b[74-18b](A)(5). However, existing weight restriction postings need not be removed if they are necessary (i) to prevent serious damage or destruction to a highway, detour, or bridge which may be caused by deterioration, or (ii) to prevent or minimize an immediate threat of serious harm or destruction to a highway, detour, or bridge due to rain, snow, or other climatic conditions.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Before county authorities can impose weight restrictions onhighways, detours, and bridges under their jurisdiction due torain, snow, or other climatic conditions, they must find animmediate threat of serious harm or destruction exists. Countyauthorities are not required to find an immediate threat ofserious harm or destruction exists when, by reason ofdeterioration, highways, detours, or bridges under theirjurisdiction will be seriously damaged or destroyed unless thepermissible weights of vehicles are reduced. 2001 Okla. Sess.Laws ch. 249, § 8 (amending 47 O.S. 1991, § 14-113[47-14-113]).
2. Whether county authorities must remove existing weightlimit signs from county roads, in light of Section 8 of SenateBill 119, requires a factual determination as to whether theweight restrictions posted by such signs are necessary (i) toprevent serious damage or destruction to a highway, detour, orbridge which may be caused by deterioration, or (ii) to preventor minimize an immediate threat of serious harm or destruction toa highway, detour, or bridge due to rain, snow or other climaticconditions. The Attorney General is authorized to issue opinionson matters of law. 74 O.S. Supp. 2000, § 18b(A)(5). However,existing weight restrictions posted on highways, detours, orbridges under the jurisdiction of county authorities need not beremoved if the restrictions are necessary (i) to prevent seriousdamage or destruction to a highway, detour, or bridge which maybe caused by deterioration, or (ii) to prevent or minimize animmediate threat of serious harm or destruction to a highway,detour, or bridge due to rain, snow, or other climaticconditions. 2001 Okla. Sess. Laws ch. 249, § 8 (amending 47O.S. 2001, § 14-113[47-14-113]).
W.A. DREW EDMONDSON Attorney General of Oklahoma
JANIS W. PRESLAR Assistant Attorney General